In re Michael R. MUTTS, Michele Renee Scott Mutts, Debtors.

Bankruptcy No. 89–02047–NT.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 4, 1991.

Christopher P. Shema, Moss & Callahan, Norfolk, Va., for plaintiff.

Richard S. Harman, Norfolk, Va., for debtor/defendants.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the court on a motion by Cumis Insurance Society, Inc. ("Cumis") to reopen debtors' chapter 7 bankruptcy case. A hearing was held on September 17, 1990, where the matter was taken under advisement, and the parties were directed to submit memoranda and a written stipulation of facts. After considering the arguments of counsel at the hearing and their stipulation and memoranda, this court denies the motion to reopen.

### Facts

On June 3, 1988, the debtors each pleaded guilty to two counts of bank fraud in the United States District Court for the Eastern District of Virginia. The district court then made a finding of guilty and entered criminal judgments against the debtors. The debtors admitted in a letter dated October 14, 1987, to causing Cumis Insurance Society, Inc. (Cumis), to suffer a loss of approximately $32,700.00. They signed a promissory note on January 18, 1988, in the amount of $32,797.01 to reimburse Cumis for the loss.

On June 2, 1989, the debtors filed a chapter 7 bankruptcy petition. Cumis agrees that it was listed as a creditor in their schedule A–3 and that the address listed was correct. A discharge was entered on September 20, 1989, and the case was closed on September 29, 1989.

On August 3, 1990, Cumis filed a motion to reopen the case pursuant to § 350(b) of the bankruptcy code. In support of its motion, Cumis alleged that it did not receive notice of the bankruptcy case. Attached to the motion was an affidavit of Mary M. Peterzak stating that she reviewed file B312367, *Cumis Insurance Society/Naval Air Federal Credit Union vs Michelle Scott Mutts,* and that the file did not reflect ever receiving any notice of the debtors' bankruptcy. The affidavit also states that Cumis would have filed an objection to the "dismissal of this debt on grounds that this debt is as a sole result of the criminal activities of Michelle Scott Mutts."

Cumis argues that good cause exists to reopen the case. Although conceding that the debtors are entitled to a presumption that notice was received, Cumis maintains that the affidavit rebutted that presumption. They argue that because the debt is "clearly a non-dischargeable debt under 11 U.S.C. § 523(4)," the equities require this court to reopen the case and allow an "objection to discharge" to be filed.

The debtors maintain that the Peterzak affidavit does not prove that the notices were not sent, only that Cumis cannot find them. They point out that there are at least two occasions where the clerk of the court is required to send notices to all listed creditors, one noticing the § 341 hearing and one noticing the discharge. They argue that the probability of Cumis not receiving at least one of the notices sent is exceedingly low. They assert it is more likely that Cumis simply overlooked, misplaced, misfiled, or even negligently mishandled or ignored the notices. This court notes that no returned notices were in the case file.

### Discussion and Conclusions

Section 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (1990). Wheth-

er or not to reopen a case under § 350(b) is within the sound discretion of the bankruptcy court. *Rockland Trust Company v. Sheerin (In re Sheerin),* 21 B.R. 438, 439 (1st Cir.B.A.P.1982) (citing L. King 2 *Collier on Bankruptcy* ¶ 350.03 (15th ed. 1981)).

Since this matter was not brought on by the debtor and does not deal with administration of assets, the issue is whether there is cause to reopen the case. A case may be opened only upon a showing of compelling circumstances. *In re Pagan,* 59 B.R. 394, 396 (S. Puerto Rico 1986). Although the case law regarding motions to reopen brought by creditors, as opposed to debtors, is sparse, failure to receive notice of the bankruptcy is probably sufficient since it would constitute a denial of due process. *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

The question here is whether placing Cumis on the bankruptcy schedules filed with the petition provided a sufficient chance for Cumis to receive notice of the bankruptcy. As pointed out by the debtors, there are at least two occasions where notices are sent to all creditors. *See* Bankruptcy Rule 2002(a), 4004(g) (1990). This court agrees with the debtors that it is exceedingly improbable that *two* notices would not reach the proper address listed and yet not be returned to the court file. It is far more likely that the notices were received at the proper address and that the mysterious absence of the notices from Cumis' file is due to their being lost after arrival.

This court therefore finds that cause does not exist to reopen the case and therefore denies Cumis' motion to reopen.

A separate order will be entered.