**In re The YODER COMPANY, Debtor.**

**Bankruptcy No. 81–01036.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 8, 1993.

Elizabeth A. Livesay, Haight, Brown & Bonesteel, Santa Monica, CA, for movant, Loopco Industries, Inc.

Steven I. Helfgott, Carlisle, McNellie, Rini & Helfgott, Cleveland, OH, for Eduardo Mejia.

**MEMORANDUM DENYING MOTION FOR RECONSIDERATION**

DAVID F. SNOW, Bankruptcy Judge.

By order entered May 24, 1993, the Court denied the motion of Loopco Industries, Inc., to reopen this case so as to entertain adversary proceedings intended to enjoin product liability actions brought against Loopco in state courts in Texas and New Jersey. On June 2, 1993, Loopco filed a motion for reconsideration of the Court's order and cited authorities in support of its

standing as a party in interest and the Court's jurisdiction to enjoin product liability suits against a purchaser of assets from a bankruptcy estate. Eduardo Mejia, a plaintiff in the New Jersey state court action, has appeared in opposition to Loopco's request and has briefed his position. For reasons noted below the Court concludes that this case should not be reopened so as to permit Loopco to proceed against either Mejia or Leroy Johnson, the Texas plaintiff, in this Court.

Rule 5010 of the Federal Rules of Bankruptcy Procedure provides that a case "may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Neither party has cited any authority on a purchaser's standing to reopen a case under this section. Were the case still pending, it seems clear that Loopco would have standing to raise appropriate issues in this Court relating to its purchase of estate assets. Therefore, it appears that Loopco should be accorded standing to urge that cause exists to reopen the case under section 350(b). Section 350(b) provides that "[a] case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause." Assuming that Loopco has standing the question is whether it has shown "other cause" for reopening this case.

Most of Loopco's brief is devoted to showing that this Court has jurisdiction to enjoin the prosecution of product liability actions against the purchaser of assets from a debtor in bankruptcy. Both *Leander Acquisition Corp. v. Ace Hardware Corp. (In re Paris Industries Corp.)*, 132 B.R. 504 (D.Me.1991) and *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re The White Motor Credit Corp.)*, 75 B.R. 944 (Bankr.N.D.Ohio 1987), support this proposition, at least stated in the abstract. In both it appears that the courts entertained the buyers' injunction actions as ancillary to the administration of the bankruptcy estates. In both cases the product liability claims arose during the pendency of the bankruptcy case and before a plan of reorganization had been confirmed. It appeared that the plaintiffs in those product liability cases had claims that could have been asserted against the debtor in the chapter 11 proceeding.

In this case, however, the claims asserted are based on accidents which allegedly occurred years after this debtor's plan of reorganization was confirmed, its discharge obtained, and its case closed. In this case the debtor is defunct. There are no professionals to act for it and no assets to pay professionals. The only question is whether this Court can or should reopen the case to vindicate its 1982 order or to protect Loopco from the possibility of inconsistent or, from its perspective, erroneous judgments in the state cases.

The parties have cited no authority which considers these questions and the Court has again found none. The parties do, however, agree that even assuming the Court has the power to reopen the case for these purposes exercise of that power is discretionary.

Loopco argues that the Court should assure it the benefit of its bargain that it would take free of claims of the sort now being asserted against it in state court and against the risk of inconsistent judgments in those courts. It does not appear, however, that Loopco will be precluded in those courts from claiming whatever insulation against those actions that this Court's 1982 order may afford it.

Under the circumstances of this case the Court is not impressed with an argument that it should reopen the case in order to vindicate the 1982 order of the sale of the assets purchased by Loopco. Insofar as appears from the papers filed, this was a perfectly straightforward sale of assets remaining to the debtor after its major business had been sold to another buyer. The terms of the order confirming that sale are typical of most such orders and reflect no special consideration of future claims or unique bankruptcy concerns. For this Court now to be interjected into this litigation would force it to decide issues which the court in the *White* case noted were problematic—i.e. the effect of a discharge in bankruptcy on claims arising after a discharge is granted.

To undertake this enterprise where there is no estate to be administered or any interest of the debtor or creditors to be pursued would be an unjustified burden on this Court and the bankruptcy system. If Loopco's concerns constitute cause for reopening this case under section 350(b), virtually every purchaser of bankruptcy assets would be entitled to invoke the jurisdiction of the bankruptcy court in perpetuity to fend off product liability claims. This would not reflect a sensible allocation of judicial resources. The Court's order in conformity with this memorandum is attached.

### ORDER DENYING MOTION FOR RECONSIDERATION

A memorandum of decision having been rendered by this Court on the motion for reconsideration filed by Loopco Industries, Inc., on June 2, 1993,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the motion for reconsideration be, and it hereby is, denied.