**In re Kenneth A. and Deborah A. CARBERRY, Debtors.**

**Bankruptcy No. 90–11801–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 29, 1995.

Joseph M. Goldberg, Washington, DC, for debtors.

Gregory N. Britto, Arlington, VA, for Signet Bank.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held May 3, 1995, on Debtors Kenneth and Deborah Carberry's motion to reopen their joint bankruptcy case. The court continued the matter until May 17, 1995. After hearing additional evidence, the court took the matter under advisement. Because the circumstances surrounding debtors' case do not warrant reopening the case, debtors' motion is denied.

*Findings of Fact*

Kenneth A. and Deborah A. Carberry filed a chapter 7 bankruptcy petition on July 23, 1990.

Debtors did not list Signet Bank of Maryland, formerly known as Union Trust Company of Maryland, as a creditor on their schedules even though Signet possessed a judgment debt against Debtor Kenneth Carberry for a deficiency balance due after the repossession and subsequent sale of an automobile. Signet obtained the judgment in 1980, and the bank has attempted to collect the debt in state court since that date.

On August 8, 1990, the court sent a form "order for meeting of creditors, combined with notice thereof and of automatic stay" to all entities on the mailing matrix. In this order the court noted that it was unnecessary for any creditor to file a proof of claim because it appeared from debtors' schedules that there were no assets for distribution. Signet did not receive the order because debtors failed to list Signet on their schedules. Following the meeting of creditors, on September 6, 1990, the trustee filed a report stating there were no assets for distribution in the case.

On November 15, 1990, debtors received their discharge in bankruptcy. By order of this court, debtors' bankruptcy case was closed on November 28, 1990.

After Signet's most recent effort to collect its judgment debt in state court, debtors attempted to add Signet to their schedules under a recently adopted procedure in the United States Bankruptcy Court for the Eastern District of Virginia. Under this procedure, a debtor files a certificate and affidavit for adding creditors to schedules in a closed case. Because Signet bank objected, debtors could not add the creditors under the court's new procedure.

Accordingly, debtors move this court to reopen the bankruptcy case so that they can add Signet as an unsecured creditor. Signet objects alleging that debtors intentionally[1] omitted Signet from the schedules. Neither party has moved to reopen the case for the purpose of determining whether the debt is excepted from discharge.

*Conclusions of Law*

■ Pursuant to the bankruptcy code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Whether or not to reopen a case is within the discretion of the bankruptcy judge and depends on the circumstances of the case. *See Thompson v. Virginia (In re Thompson)*, 16 F.3d 576, 581–82 (4th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994); *In re Mutts*, 131 B.R. 306, 307 (Bankr.E.D.Va. 1991).

■ Furthermore, the court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources. *See In re Yoder Co.*, 158 B.R. 99, 100 (Bankr.N.D.Ohio 1993). The reopening of a closed no asset, no bar date, chapter 7 case to schedule omitted creditors serves no purpose. *See Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir.1993); Lauren A. Helbling & Honorable Christopher M. Klein, *The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code § 523(a)(3)(A): Making Sense of the Confusion over Reopening Cases and Amending Schedules to Add Omitted Debts*, 69 Am.Bankr.L.J. 33, 37–47 (Winter 1995). The omitted debt was either discharged upon the entry of the discharge order pursuant to 11 U.S.C. § 727[2] or is excepted from dis-

---

1. There is conflicting evidence as to whether the omission was intentional. Because this fact is not dispositive on the issue currently before me, I will not make a finding of fact at this point as to whether the omission was intentional.

2. Section 727(b) reads:

Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose

before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as is such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or

charge pursuant to 11 U.S.C. § 523(a).[3] *See In re Anderson,* 72 B.R. 495, 496–97 (Bankr. D.Minn.1987). There is nothing in the bankruptcy code that provides for a retroactive discharge. *In re Beezley,* 994 F.2d at 1434. Thus, nothing would be gained by reopening the case to list Signet.

Because it would be futile and a waste of judicial resources to reopen debtors' case to schedule an omitted creditor, the court will enter an order denying debtors' motion to reopen the case.[4]

liability is allowed under section 502 of this title.
11 U.S.C. § 727(b).

3. Section 523(a) provides for exceptions to discharge. Besides the traditional exceptions found in § 523(a)(2), (a)(4), and (a)(6), the code also provides that a debt is excepted from discharge if it was:

Neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs,

unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.
11 U.S.C. § 523(a)(3).

4. This holding is consistent with the position adopted in this district. *See In re Walters,* No. 93–10610–AB (Bankr.E.D.Va. Feb. 17, 1994) (unpublished opinion). Furthermore, my decision to deny debtors' motion to reopen the case in no way resolves the issue of whether the nonscheduled debt is discharged. That matter is not currently before the court because neither party has raised the issue. For a discussion on the alternatives available to the parties regarding whether the debt is discharged, see Lauren A. Helbling & Honorable Christopher M. Klein, *The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code § 523(a)(3)(A): Making Sense of the Confusion over Reopening Cases and Amending Schedules to Add Omitted Debts,* 69 Am.Bankr.L.J. 33, 47–50 (Winter 1995).