**In the Matter of Scott & Janice NIDIVER, Debtors.**

**Bankruptcy No. BK97–41095.**

United States Bankruptcy Court.
D. Nebraska.

Feb. 2, 1998.

Howard T. Duncan, Omaha, NE, for Debtors.

Jerry L. Jensen, Omaha, NE, for Asst. U.S. Trustee.

John A. Wolf, Grand Island, NE, Chapter 7 Standing Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 7 case is before the court to consider approval of the debtors' reaffirmation of their obligation to pay bankruptcy counsel for legal services rendered before the bankruptcy case was filed. Such a reaffirmation agreement serves the laudatory purpose of permitting a cash poor debtor to file a Chapter 7 bankruptcy case on credit, and to avoid the often suspected scenario in which counsel place the cash poor debtor in a Chapter 13 case, so that legal fees can be paid over time.

The reaffirmation of pre-petition debt for bankruptcy related legal services raises three issues:

First, is debtors' counsel disqualified from representing the debtors in connection with the bankruptcy case because, as a pre-petition creditor, counsel does not qualify as a "disinterested" person under sections 327 and 328 of the Bankruptcy Code?

Second, as a condition to enforceability, is the bankruptcy court required to approve the reaffirmation agreement and, in connection therewith, is the bankruptcy court required to have a hearing which is attended by the debtors?

Finally, on the merits, should the bankruptcy court approve reaffirmation of an unsecured, pre-petition obligation to pay bankruptcy related attorney fees?

I conclude that bankruptcy counsel is not disqualified from further representation of the debtors, that court approval of the reaffirmation agreement is required after a hearing attended by the debtor, and that in this case the reaffirmation agreement is approved.

### Disinterested Requirement

█ It is well established that an attorney who holds a claim against the bankruptcy estate may not be employed as a professional person to represent a Chapter 11 debtor in possession, or the creditors' committee in Chapter 11. As a creditor of the estate, counsel is not disinterested and may not be employed by or compensated from the bank-

ruptcy estate. *See* §§ 327 and 328, *see also In re Pierce,* 809 F.2d 1356 (8th Cir.1987), *In re Patterson,* 53 B.R. 366 (Bankr.D.Neb. 1985). The Eighth Circuit recently concluded that an attorney holding a trust deed on a bankruptcy debtor's real estate was not disinterested and not entitled to receive compensation from estate assets for post-petition legal services rendered to the debtor. *See In re Mahendra,* 131 F.3d 750 (8th Cir.1997).

■ However, these cases are not controlling on the issues before the court. This is a Chapter 7 case, and the bankruptcy estate will be administered by a standing trustee. The standing trustee may retain counsel as a "professional person," with approval of the court. Trustee's counsel must be "disinterested," and trustee's counsel may be compensated from the bankruptcy estate. Debtors' counsel will not represent the bankruptcy estate, will not have a fiduciary duty to creditors, and will not be employed as a "professional person" to render services to be compensated from the bankruptcy estate. The section 327 and 328 requirement of disinterest is simply not applicable to the debtors' counsel in a Chapter 7 case.

■ Debtors' counsel is, of course, subject to ethical restraints but the existence of a client's obligation to pay reasonable, undisputed attorney fees, does not disqualify a lawyer from further representation of the client. There is no legal or ethical basis for concluding that debtors' counsel may not continue to represent the debtors in connection with this bankruptcy case, notwithstanding the fact that counsel is owed money by his clients for bankruptcy related legal services rendered before the bankruptcy case was filed.

*Court Approval and Hearing Requirements*

Reaffirmation of a dischargeable debt may impair a bankruptcy debtor's fresh start. Under the Bankruptcy Act, debtors could inadvertently reaffirm debts by conduct, or become obliged to pay a discharged debt upon entry of a default judgment. Because of these considerations, § 524 of the Bankruptcy Code of 1978 enjoins enforcement of discharged debts, voids judgments on discharged debts, and subjects reaffirmation agreements to close regulation. *See* 4 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 524.04 (15th ed.1997).

In relevant part, section 524(c)(6), provides that a reaffirmation agreement is enforceable only if:

(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

This section makes explicit that court approval of the reaffirmation agreement is required in this case because the debtors were not represented by an attorney in the course of negotiating the agreement. Debtors' counsel obviously is in an adverse position to his clients respecting negotiation of the terms of the reaffirmation of counsel's fees. Counsel should, as was done in this case, make clear to the client and the court, that counsel does not represent the debtor respecting the reaffirmation agreement. And counsel obviously cannot, and did not, file the affidavit contemplated by § 524(c)(3).

■ The quoted language of § 524(c)(6) also requires the court to make particular findings of fact, which suggests, at minimum, that the court must have an evidentiary basis for making such findings. Reaffirmation agreements negotiated without the assistance of counsel are not enforceable unless approved by the court.

The next question is whether the court must hold a reaffirmation hearing. I conclude that a hearing is required by § 524(d). However, § 524(d) is not without difficulties, as it is not well drafted and can be read as applicable only to reaffirmation agreements entered into after a discharge order is entered.

Section 524(d) of the Bankruptcy Code reads, in part:

.... If a discharge has been granted and if the debtor desires to make an agree-

ment of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall. . . .

This language can be read as permitting approval of reaffirmation agreements entered into after a discharge order is entered. Such a literal reading of § 524(d), however, is inconsistent with the requirement of § 524(c)(1) which unambiguously requires that reaffirmation agreements be made before entry of a discharge order.

▪ Subsections 524(c) and (d) should be read consistently with each other with deference to the statutory cross-reference by § 524(d) to § 524(c). Read consistently and in context, subsection (d) refers only to "agreements of the kind specified in subsection (c)," and in subsection (c), reaffirmation agreements must be entered into before the entry of a discharge order. Subsection (d) should not be read as providing an exception to the § 524(c) requirement that reaffirmation agreements be entered into prior to discharge.[1] Read consistently with § 524(c), § 524(d) requires the court to hold a reaffirmation hearing respecting pre-discharge reaffirmation agreements, negotiated without the assistance of counsel.

*Reaffirmation Approval*

▪ I conducted a reaffirmation hearing which was attended by the bankruptcy debtors and debtors' counsel. I advised the debtors of the information set forth in § 524(d)(1) and (2). I have reviewed the reaffirmation agreement, and it fully complies with § 524(c)(6), and includes the required clear and conspicuous language. Importantly, the reaffirmation agreement does not place any limitations on the debtors' statutory right to

rescind the agreement. Reaffirmation agreements which limit the debtors' right to rescind should not be approved. *Cf. In re Perez,* 177 B.R. 319 (Bankr.D.Neb.1995). Based on the debtors' statements, I conclude that the reaffirmation agreement will not impose an undue hardship on the debtors, or a dependent of the debtors. *See* § 524(c)(6) (quoted above).

▪ A more difficult question is whether the reaffirmation agreement is in the "best interest" of the debtors as required by § 524(c)(A)(6)(ii). Arguably, it is never in the best interest of a bankruptcy debtor to reaffirm a pre-petition unsecured claim. If a debtor wants to pay a pre-petition discharged obligation, the debtor is free to do so. *See* § 524(f). When a bankruptcy debtor wants to reaffirm a pre-petition unsecured debt, counsel should explain that the debtor is free to pay the debt without entering into a reaffirmation agreement. I believe counsel should also generally discourage reaffirmation of unsecured debts. Reaffirmation agreements which involve a substantial detriment to the debtor with no corresponding benefit, wherein the debtor receives no new consideration in exchange for reaffirmation, should not be recommended by counsel and, if the debtor is not represented by counsel, should not be approved by the court.

▪ In the context of reaffirmation agreements, there is a world of difference between the reaffirmation of secured and unsecured debts. It may be reasonable and necessary for rehabilitation for a bankruptcy debtor to reaffirm a secured debt in order for the debtor to retain collateral. In the instance of an unsecured debt, it is not so clear that the debtor will receive any benefit from such reaffirmation. When court approval of the reaffirmation agreement is required, the court should closely examine the reaffirmation agreement and circumstances

---

**1.** In *In re Whitmer,* 142 B.R. 811 (Bankr. S.D.Ohio 1992), the court stated that the language used in section 524(d), which implies that reaffirmation agreements may be entered into post-discharge is unfortunate. The court stated that the legislative history of the section indicates that the purpose of the language is to ensure that reaffirmation hearings are still held when the debtor is not represented by counsel in negotiat-

ing the agreements, even though discharge hearings are no longer mandatory. *Id.* at 813. *See also In re Reed,* 177 B.R. 258 (Bankr.N.D.Ohio 1995)(once the court has entered a discharge the deadline for making reaffirmation agreements has passed), *In re Grabinski,* 150 B.R. 427 (Bankr.N.D.Ill.1993)(reaffirmation agreement must be obtained before debtor receives a discharge).

to determine whether reaffirmation is in the debtor's best interest as is required by § 524(c)(6)(A)(ii).

 On the facts of this case, there are identifiable benefits to be realized by the debtors by reaffirming the obligation to pay counsel for pre-petition bankruptcy related legal services. By reaffirming the debt, the debtors are assured that bankruptcy counsel will continue to provide the debtors with legal representation in connection with this bankruptcy case. The bankruptcy debtors are in need of legal services in connection with the many contingencies which may arise during the pendency of this case, such as responding to objections to claimed exemptions, filing objection to claims, and responding to other contested matters. Continual representation of debtors by counsel is an identifiable, substantial benefit to the debtors. Counsel is familiar with the debtors' financial affairs and has worked for the debtors in preparing this bankruptcy case for filing. The established relationship of debtors and counsel, and counsel's knowledge of the debtors' financial affairs are important considerations. It will be of substantial benefit for the debtors to have continuity of counsel in this case, and it is unrealistic to think that debtors could hire new counsel at this time, with a Chapter 7 bankruptcy case pending. I conclude that it is in the best interest of the debtors that the reaffirmation agreement be approved.

*Procedural Aspects*

In closing, I conclude that the debtors' counsel followed appropriate procedures in seeking approval of the reaffirmation agreement. As there is some uncertainty as to what procedures should be followed, let me make explicit what debtors' counsel did in this case.

Debtors' counsel fully complied with Bankruptcy Rule 2016(b), by disclosing compensation and agreements in connection with the compensation, and he did this at the time the bankruptcy petition was filed. The proposed reaffirmation agreement was filed within a few days after the bankruptcy case was commenced. The reaffirmation agreement fully complied with section 524, in that it included the required conspicuous language. A copy of the proposed reaffirmation agreement was mailed to the debtors, the Chapter 7 Standing Trustee, and the United States Trustee. The reaffirmation agreement did not limit or restrict the debtors' statutory right to rescind the agreement. A motion requesting approval of the reaffirmation agreement was filed with the court. The debtors appeared at a duly conducted hearing on the reaffirmation agreement. Debtors' counsel appeared at the reaffirmation hearing, however, he made clear that he was not representing the debtors in connection with the reaffirmation agreement.

IT IS THEREFORE ORDERED, that the debtors' may retain Mr. Howard Duncan to represent them in this bankruptcy case without approval of the bankruptcy court.

IT IS FURTHER ORDERED, that the Reaffirmation Agreement (Fil. # 4) is approved.

IT IS SO ORDERED.