In the Matter of John Herman LEITNER
and Betty Jean Leitner, Debtors.

Bankruptcy No. BK97–42407.

United States Bankruptcy Court
D. Nebraska.

May 19, 1998.

Bert Blackwell, McCook, NE, for Debtors.

Philip M. Kelly, Scottsbluff, NE, Chapter 7 Standing Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

A myriad of issues are raised in this Chapter 7 case because, before filing this bankruptcy case, debtors' counsel obtained a promissory note and mortgage from debtors to assure payment for bankruptcy related legal services. I conclude that these extraordinary pre-bankruptcy transactions with counsel are legal and appropriate, provided that the multiple requirements of the Bankruptcy Code and Rules are met.

At the time the debtors sought legal advice from attorney Mr. Bert Blackwell, they agreed to pay Mr. Blackwell $1,100.00, and the bankruptcy filing fee in installments of $100.00 per month. He agreed to represent them in a Chapter 7 bankruptcy case and to advance the $175.00 filing fee. The debtors granted Mr. Blackwell a mortgage in their residence to secure the $1,275.00 debt. The mortgage was duly recorded prior to filing this bankruptcy case. Debtors' residence is valued at $11,800.00, and is encumbered only by Mr. Blackwell's mortgage. The debtors claim the remaining equity in the real estate as an exempt homestead under § 40–101 of the Nebraska Revised Statutes.

The debtors filed a reaffirmation agreement with the Clerk of the Bankruptcy Court seeking leave of the court to affirm their $1,275.00 obligation to Mr. Blackwell. The United States Trustee objected to approval of the reaffirmation agreement, asserting that the monthly installment payments of $100.00 may impose an undue hardship on the debtors. When the debtors sought leave to withdraw the reaffirmation agreement, I scheduled a hearing to examine the debtors' transactions with Mr. Blackwell.

The fee agreement between Mr. Blackwell and debtors represents a good faith attempt to deal with a difficult problem faced by bankruptcy practitioners whose clients cannot afford to pay Chapter 7 legal expenses in advance. However, the fee agreement and mortgage present a number of legal issues which I will address with the objective of providing counsel guidelines for structuring agreements with clients for the payment of Chapter 7 legal expenses on a deferred basis.

Bankruptcy practitioners are faced with a difficult situation when a financially troubled debtor wants to file a Chapter 7 bankruptcy case and cannot afford to pay attorney fees in advance. Prudent counsel will not agree to pay the bankruptcy filing fees and to file the bankruptcy case without a retainer because the debtor's obligations to pay for pre-bankruptcy legal services will be discharged in the bankruptcy case. One alternative is for counsel to suggest that the client file a Chapter 13 bankruptcy case so that the attorney fees can be paid on a deferred basis as an allowed administrative expense. However, the selection of the appropriate bankruptcy chapter should not be influenced by the need to pay attorney fees. Chapter 13 is most appropriate for debtors who want to retain non-exempt assets and make payments to creditors. If a debtor has few non-exempt assets and no debts excepted from discharge under § 523, Chapter 7 may be the most appropriate chapter for the insolvent debtor who has no desire or ability to make payments to creditors.

What course of action should bankruptcy counsel recommend to a debtor who has no ability to pay for legal services in advance, but whose circumstances strongly suggest that Chapter 7 liquidation is the most suitable bankruptcy alternative? Mr. Blackwell addressed this problem by obtaining a promissory note and mortgage and filing a Chapter 7 case. His clients are thus in the appropriate bankruptcy Chapter, but the

transaction between counsel and his clients raises several specific issues:

1. Is debtors' counsel disqualified from representing the bankruptcy debtors because counsel is a pre-petition creditor, holding a lien in property of the bankruptcy estate?

2. Are the debtors or counsel required to disclose the pre-petition mortgage transaction and fee agreement to the court and to creditors?

3. Must the debtors' counsel file a fee application in the Chapter 7 case seeking allowance of his fees and approval of the fee agreement and mortgage?

4. Absent reaffirmation, will the Chapter 7 discharge order extinguish the debtors' personal obligation to pay for the legal services?

5. If a reaffirmation agreement is not approved, does the lien securing the obligation to pay attorney fees pass through the bankruptcy case unimpaired, thus permitting counsel to enforce the mortgage after the bankruptcy discharge is entered and the bankruptcy case is closed?

### 1. *Disqualification of Counsel*

■■■ The Eighth Circuit Court of Appeals has held that an attorney who is a pre-petition creditor holding a mortgage on the debtor's real estate for pre-petition and post-petition services related to a bankruptcy case, is not a "disinterested person," and thus does not qualify for employment under § 327(a) in a Chapter 11 bankruptcy case. *See In re Pierce*, 809 F.2d 1356 (8th Cir. 1987). However, the "disinterested" requirements of §§ 327 and 328 do not apply to an attorney representing the debtor in a Chapter 7 case. The "disinterested" requirements of §§ 327 and 328 of the Bankruptcy Code apply to professionals who provide services to or for the benefit of the bankruptcy estate such as counsel for the standing trustee. These professionals must be retained with court approval and are generally compensated from property of the bankruptcy estate. Debtor's counsel does not represent the bankruptcy estate in a Chapter 7 case, ex-

cept by special order of the court. *See In re Nidiver*, 217 B.R. 581 (Bankr.D.Neb.1998). Mr. Blackwell is not disqualified from representing the Chapter 7 debtors simply because he is a secured creditor of the debtors respecting unpaid fees for bankruptcy related legal services.

Attorney and clients are almost always in a debtor-creditor relationship respecting the provision of legal services. The fact that a client is indebted to counsel for undisputed charges for services rendered within the scope of the current representation does not provide an ethical or statutory basis for disqualification of counsel.

### 2. *Disclosure of Fee Arrangement and Mortgage*

■■■ Counsel's § 329 and Rule 2016 Statement must disclose the fee agreement. The debtors' bankruptcy schedules and statement of financial affairs must disclose the mortgage securing the fee agreement.

Section 329, in relevant part, requires that:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Bankruptcy Rule 2016 further elaborates the disclosure requirements. However, Bankruptcy Rule 2016(b) and § 329(a) make no explicit requirement that liens be disclosed.[1]

The existence of the encumbrance to secure the obligation to pay is an integral part of the fee agreement and it is highly relevant to the bankruptcy proceedings. Certainly, each and every term and provision of a fee agreement need not be disclosed, but in the context of a bankruptcy case, the existence of

---

**1.** Neb.R.Bankr.P.2016–1.B. also requires disclosure of compensation paid and the source of the

payment. But, this Local Rule also makes no explicit requirement that liens be disclosed.

an encumbrance to secure payment of attorney fees is arguably an essential term of the bargain. I construe Rule 2016(b) to require disclosure of any lien that secures payment of counsel's fees. The Rule explicitly requires disclosure of "the source of such compensation." I hold that a mortgage securing a fee agreement is a potential "source of compensation" which must be disclosed in the Rule 2016(b) statement.

It is clear that the debtor must also disclose the mortgage. A bankruptcy debtor is required to list the name and address of all entities holding claims secured by property of the debtor as of the date of filing of the petition. *See* Schedule D, Creditors Holding Secured Claims. The bankruptcy schedules in this case list Mr. Blackwell as a secured creditor holding a mortgage on the debtors' real estate to secure a $1,275.00 debt. The statement of financial affairs also requires disclosure of the mortgage. The debtor must list all payments made or property transferred by or on behalf of the debtor to any person for consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the commencement of the case. *See* Question Number 9, Statement of Financial Affairs.

In summary, an agreement between debtor and counsel for the payment of bankruptcy legal fees secured by a mortgage on debtors' property, must be disclosed (i) by counsel in the § 329 and Rule 2016(b) statement, and (ii) by debtor in the bankruptcy schedules and statement of financial affairs.

### 3. Fee *Application Requirement*

■ Bankruptcy Rule 2016(a) requires any entity seeking compensation or reimbursement of expenses from the bankruptcy estate to file a fee application. A Chapter 7 debtor's counsel is not a professional retained to represent the bankruptcy estate, and debtor's counsel is not paid from the property of the estate. Debtors' counsel, Mr. Blackwell, does not seek compensation from the bank-

ruptcy estate and he is not required to file a fee application.[2]

■ However, the court may examine the fee agreement. Under Bankruptcy Rule 2017, the court has broad authority to determine whether the payment of money or transfer of property to an attorney for services is excessive. Bankruptcy Rule 2017 provides a procedural mechanism for the court to examine the reasonableness of a pre-petition fee agreement. In appropriate circumstances the fees could be reduced, and the mortgage limited or avoided.

### 4. *Discharge of Debtors' Personal Liability*

■ The Chapter 7 debtor's personal obligation to pay for pre-petition legal services will be discharged by the Chapter 7 discharge order, unless the debtor reaffirms the debt under § 524 of the Bankruptcy Code. A reaffirmation agreement between debtor and counsel will not be enforceable unless it is filed with the court. Counsel, as a party to the fee agreement, may not represent the debtor in regard to the reaffirmation agreement. Since the debtors are not represented by counsel in connection with the reaffirmation agreement, and there is no counsel to file the affidavit or declaration required by § 524(c)(3), the reaffirmation agreement is not enforceable unless approved by the court after a hearing attended by the debtors. *See Nidiver supra.*

If the obligation to pay attorney fees is discharged, § 524(a)(2) enjoins counsel from any attempt to collect the debt as a personal obligation of the debtor.

### 5. *Mortgage Passes Through Bankruptcy.*

■ Even though the Chapter 7 debtors' personal obligation to pay pre-petition attorney fees will be discharged absent a valid reaffirmation of the debt, the mortgage will pass through the bankruptcy proceeding unimpaired. On the facts of this case, there is no suggestion that the mortgage is avoidable as a preference or fraudulent conveyance.

---

**2.** In limited circumstances, not present in this case, debtor's counsel can be retained as a professional and paid from the estate. Neb.

R.Bankr.P. 2016–1.A.1. makes clear that a Chapter 7 debtor's counsel is generally not required to file a fee application.

None of the trustee's avoiding powers seem applicable. Section 522(f), which can be used to avoid certain non-purchase money security interests, is not applicable to security interests in real property, such as Mr. Blackwell's mortgage. However, § 522(f) could be used to avoid liens in the types of exempt personal property listed in that subsection of the Bankruptcy Code. In effect, § 522(f) will limit the ability of counsel to structure secured deferred financing.[3]

Under § 506(a), Mr. Blackwell's pre-petition claim is an allowed secured claim to the extent of equity in collateral. On the facts of this case the mortgage is fully secured. Thus, even if counsel fails to file a proof of claim, the mortgage will not be avoided under § 506(d). The discharge order entered in this case will discharge debtors' personal obligation, but the mortgage will survive and may be enforced. *See* 11 U.S.C. § 506(d); 4 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 506.06[4][a] & [b] (15th ed.1998). After the discharge order is entered in this case, the debtors will no longer be personally liable to Mr. Blackwell, however, Mr. Blackwell will be free to enforce the mortgage.

Finally, it should be noted that to the extent services are provided by the Chapter 7 debtor's attorney post-petition, many of the above issues become moot. In that instance, although the fee agreement must still be disclosed, the attorney is a post-petition creditor, the post-petition debt for attorney fees is not dischargeable, and a reaffirmation agreement is not necessary as to post-petition services.

*Conclusion*

Counsel is not disqualified from representing the Chapter 7 debtors by virtue of his holding a secured claim for undisputed prepetition legal services. The pre-petition agreement between debtors and counsel concerning the payment of legal fees in installments and the granting of the mortgage must be disclosed (i) by counsel in the § 329 and Bankruptcy Rule 2016(b) statement, and (ii) by debtors in the bankruptcy schedules and statement of financial affairs. Counsel is not required to file a fee application or obtain bankruptcy court approval of the fee agreement, but the court may examine the fee agreement under Rule 2017. Unless the debtors' reaffirm their obligation to pay counsel, the pre-petition debt will be discharged by the Chapter 7 discharge order. Counsel may enforce his pre-petition mortgage against the debtors' property under applicable non-bankruptcy law after the automatic stay of § 362 terminates.

[redacted] Mr. Blackwell may continue to represent the debtors in this case. The motion to withdraw the reaffirmation agreement is sustained.

IT IS SO ORDERED.

[redacted]

3. If the fee agreement is secured by the types of exempt property enumerated in § 522(f), the lien appears to be avoidable. If counsel elects to secure a fee agreement with non-exempt property in which there is equity, counsel will have an allowed secured claim only to the extent of pre-petition debt. The remaining equity in collateral will be property of the estate and will be used to pay unsecured and administrative claims. Mr. Blackwell may have found a safe harbor by taking the lien in the debtors' exempt homestead.