**In re Steven L. IRELAND and Kaye L. Ireland, Debtors.**

**Bankruptcy No. 99–48802–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Nov. 19, 1999.

---

Kurt Miller, Plymouth, MI, for debtor.

Karen Rowse–Oberle, St. Clair Shores, MI, for creditor.

### OPINION REGARDING REAFFIRMATION AGREEMENTS

STEVEN W. RHODES, Bankruptcy Judge.

In this case, the debtors entered into three reaffirmation agreements with Citizens Bank. The first is in the amount of $10,666.56 and is for a boat, trailer and motor. The second is for $4,759.12 and is for a vehicle. The third is for $1,516.92 and is for an unsecured credit card debt. The second reaffirmation agreement states, "Rescission of one reaffirmation (of 3) rescinds all."

■ Pursuant to the Court's practice of reviewing chapter 7 cases in which the debtors entered into three or more reaffirmation agreements, this case came to the Court's attention, and a hearing was held.

At that hearing, the Court asked the parties to brief whether the provision quoted above in the second reaffirmation agreement violates 11 U.S.C. § 524(c)(2)(A).

■ This issue was recently addressed by Judge Spector in *In re Losievsky*, Ch. 7 Case No. 99–20172, slip op. (Bankr. E.D.Mich. Aug. 11, 1999). Judge Spector stated:

The statutory right to rescind a reaffirmation agreement is just that—a statutory right. It is not subject to waiver. *See In re Mickens*, 229 B.R. 114, 118 (Bankr.W.D.Va.1999); *In re Wiley*, 224 B.R. 58, 81 (Bankr.N.D.Ill.1998); *In re Latanowich*, 207 B.R. 326, 335 (Bankr. D.Mass.1997); *cf. In re Cole*, 226 B.R. 647, 651–52 (9th Cir. BAP 1998) (citing cases refusing to enforce "prepetition waivers of the bankruptcy discharge . . . [and] other bankruptcy benefits").

In this case, the agreements do not call for an outright waiver of the right of rescission. But the cited provision does make inroads on that right. Indeed, it amounts to a waiver of the Debtors' right to make an unfettered decision as to the wisdom of abiding by each agreement. The provision is therefore at least arguably illegal, and is certainly inappropriate. *See Wiley*, 224 B.R. at 71 ("Reaffirmation agreements which limit or otherwise condition a debtor's statutory right to rescind are not proper."); *In re Nidiver*, 217 B.R. 581, 584 (Bankr.D.Neb.1998) ("Reaffirmation agreements which limit the debtors' right to rescind should not be approved.").

Parties are not free to change the statutory requirements which are enacted to protect the debtor. A paragraph in a reaffirmation agreement which advises the debtor appropriately of his or her right to rescind cannot be compassed about by external consequences not specified in the statute.

*Losievsky*, slip op. at 2.

This Court agrees with the analysis in the *Losievsky* case. Accordingly, the

Court holds that the provision quoted above in the second reaffirmation agreement violates § 524(c)(2)(A) and is unenforceable. The Court further concludes that in order to enforce the debtors' statutory right of rescission, the debtors should be given a new 60 day time period to rescind any or all of their reaffirmation agreements with Citizens Bank. An appropriate order will be entered.