ELECTRONIC CITATION: 2000 FED App. 0002P (6th Cir.)
File Name: 00b0002p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: RONALD E. BOOTH and DIANA E. BOOTH, Debtors. _____ | ) ) ) ) ) ) |
| RONALD E. BOOTH and DIANA E. BOOTH, Appellants, v. NATIONAL CITY BANK, Appellee. _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 99-8034 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Cincinnati.
No. 96-16475.

Submitted: December 7, 1999

Decided and Filed: January 10, 2000

Before: BROWN, MORGENSTERN-CLARREN, and RHODES,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Rebecca K. Kaye, Cincinnati, Ohio, for Appellants. John L. Day, Jr., WELTMAN, WEINBERT & REIS, Cincinnati, Ohio, for Appellee.

---

## OPINION

---

The bankruptcy court denied the debtors' motion to reopen their bankruptcy case after determining that they had executed a valid reaffirmation agreement with National City Bank and had not effectively rescinded the agreement. The Panel holds that the bankruptcy court did not abuse its discretion in refusing to reopen the case. Accordingly, the order denying the motion to reopen the case is **AFFIRMED**.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in refusing to reopen the debtors' bankruptcy case.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497, 103 L. Ed.2d 879 (1989) (citations omitted).

A bankruptcy court's decision regarding whether to reopen a case is reviewed for abuse of discretion. *Rosinski v. Boyd* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985).

> "A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error in judgment in the conclusion that it reached based on all the appropriate factors." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997). The bankruptcy court's findings of fact, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)).

*R.D.F. Devs., Inc. v. Sysco Corp.* (*In re R.D.F. Devs., Inc.*), 239 B.R. 336, 338-39 (B.A.P. 6th Cir. 1999).

## III. FACTS

Ronald and Diana Booth filed a chapter 7 bankruptcy petition on December 12, 1996. Following their meeting of creditors on January 14, 1997, the Booths and their attorney signed a reaffirmation agreement with National City Bank. This reaffirmation agreement requires the Booths to pay $8,386.51 on National City's second mortgage on their home and contains a provision that rescission shall be in writing.

The Booths assert that they were reluctant to enter into this reaffirmation agreement because they did not know whether they would be able to come to an agreement regarding an arrearage with the first mortgage holder, Washtenaw Mortgage Co. Later, when an agreement could not be reached with Washtenaw Mortgage, the Booths did not make the payments required by the National City reaffirmation agreement. The Booths assert that they understood that they had 60 days to cancel the reaffirmation agreement and that they orally rescinded the reaffirmation agreement on March 2, 1997, when an agent of National City contacted them about the missed payments. The Booths never sent a written rescission to National City Bank. On March 12, 1997, National City Bank filed the reaffirmation agreement. The Booths received a copy of the filed reaffirmation agreement, but took no further action.

Washtenaw Mortgage eventually obtained relief from the automatic stay and foreclosed on the property. If the Booths had not signed the reaffirmation agreement with National City Bank, or if the Booths had effectively rescinded the reaffirmation agreement, then the combination of the first mortgage foreclosure and their bankruptcy discharge would have excused them from any further obligation to National City.

On November 23, 1998, the Booths filed a motion to reopen the bankruptcy case, to reinstate the automatic stay, and to extend the time to rescind the reaffirmation agreement or to set aside the reaffirmation agreement. The Booths asserted in their

motion that they entered into the reaffirmation under duress and that they orally rescinded the reaffirmation agreement.

The bankruptcy court held that there were no grounds to reopen the case, because the Booths did not comply with the plain language of the reaffirmation agreement requiring that a rescission be in writing.[1] Accordingly, the bankruptcy court denied the motion. The Booths filed this timely appeal.

## IV.  DISCUSSION

Under 28 U.S.C. § 1334(b), bankruptcy courts and state courts have concurrent jurisdiction to determine the validity of reaffirmation agreements.  *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1141, n. 14 (6th Cir. 1991) ("Although the Bankruptcy Reform Act of 1984 altered the 1978 legislation in several respects, guidance in interpretation is still furnished by the congressional history of the 1978 legislation . . . . Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, . . . . The bankruptcy courts will be able to hear these proceedings because they arise under title 11." (citing H.R. Rep. N. 95-595, 95th Cong., 2nd Sess. 445 (1978)).  *See also In re Grabinski*, 150 B.R. 427, 432 (Bankr. N.D. Ill. 1993).

The Panel concludes that the bankruptcy court did not abuse its discretion in denying the motion to reopen the bankruptcy case.  A bankruptcy court need not reopen a bankruptcy case where reopening would not result in a "sensible allocation of judicial resources,"  *In re The Yoder Co.*, 158 B.R. 99, 101 (Bankr. N.D. Ohio 1993), or where reopening would have no effect.  *Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467, 472 (6th Cir. 1998).  If a bankruptcy court determines that no relief would be accorded to a debtor once the case is reopened, the court does not abuse its discretion in deciding not to reopen the case.  *In re Adams*, No. 99-8020, slip. op. (B.A.P. 6th Cir. Aug. 17, 1999).

In this case, after fully considering the asserted grounds for voiding the reaffirmation agreement, the bankruptcy court determined that the reaffirmation agreement was valid and had not been properly rescinded.  Specifically, because the reaffirmation agreement

---

[1] The bankruptcy court's order denying the motion contains some language suggesting that the court lacked jurisdiction.  However, the thrust of the decision is on the merits of the motion.

required written rescission, the court rejected the Booths' argument that their oral rescission of the reaffirmation agreement was effective. *In re Booth*, No. 96-16475, slip. op. at 3 (May 20, 1999).

The Panel agrees. Certainly 11 U.S.C. § 524(c) does not require that the notice of rescission be in writing; it simply requires "giving notice of rescission" to the creditor. Nevertheless, the Sixth Circuit has emphasized that this section envisions consent by the creditor to any reaffirmation agreement. *General Motors Acceptance Corp. v. Bell* (*In re Bell*), 700 F.2d 1053, 1056 (6th Cir. 1983). Accordingly, a creditor can negotiate for any legal terms in a reaffirmation agreement. A negotiated provision that the debtor's rescission must be tendered in writing is entirely legal because it does not unduly or impermissibly limit or restrict the debtor's statutory right to rescind. *See In re Ireland*, 241 B.R. 539, 540 (Bankr. E.D. Mich. 1999); *In re Nidiver*, 217 B.R. 581, 584 (Bankr. D. Neb. 1998) (citing *In re Perez*, 177 B.R. 319 (Bankr. D. Neb. 1995)). Such a provision serves only to specify the means of rescission under § 524(c)(4). *In re Roberts*, 154 B.R. 967, 970 (Bankr. D. Neb. 1993). Indeed, such a provision protects both the creditor and the debtor from any potential misunderstanding that might arise regarding the debtor's alleged verbal rescission and is therefore to be encouraged.

## V. CONCLUSION

The bankruptcy court order denying the motion to reopen is **AFFIRMED**.