**In re Emma Gene JACKSON, Debtor.**

**No. 05–22135PM.**

United States Bankruptcy Court,
D. Maryland.

Sept. 2, 2005.

Emma Gene Jackson, Frederick, MD, pro se.

Steven H. Greenfeld, Bethesda, MD, trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Before the court is a Reaffirmation Agreement and Order executed by the Debtor and Citifinancial, Inc. The Agreement prepared by Citifinancial proposes that the Debtor pay $11,753.42 and reaffirm the obligation to Citifinancial that is secured by a 1994 Mercury Sable GS Sedan.

The vehicle has approximate mileage of 109,000. The most recent Kelley Blue Book valuation of the subject property shows a trade-in value ranging from $590.00 for a vehicle in fair condition to $1,050.00 for a vehicle in excellent condition. It appears that paying $11,753.42 for this vehicle, together with an undisclosed rate of interest, does not meet the standard found in § 524(c)(6)(A) of the Bankruptcy Code that the court find that this Agreement is in the best interests of the Debtor, particularly in view of the possibility of her filing a motion to redeem the vehicle and paying anywhere from $590.00 to $1,050.00 in cash and thus having the lien of Citifinancial released.

The reaffirmation hearing for debtors not represented by counsel was created precisely to deal with the instant situation where an avaricious creditor seeks to take undue advantage of an unsophisticated debtor and to destroy completely the advantage of the bankruptcy discharge. *Cf.* Arnold B. Cohen, *Issues in Consumer Bankruptcy,* 2 J. Bankr L. and Prac. 323, 325 (1993); 2 David G. Epstein, Steve H. Nickles and James J. White, *Bankruptcy* § 7–35 (1992). *See In re Kamps,* 217 B.R. 836, 842–43 (Bankr.C.D.Cal.1998) ("The substantive and procedural conditions for a valid reaffirmation agreement require that a bankruptcy court devote substantial attention to such an agreement by a debtor who is unrepresented by counsel .... [so as] to make sure that the agreement has not been infected with fraud or false information or promises by the creditor."); *In re Nidiver,* 217 B.R. 581 (Bankr.D.Neb. 1998) (Where debtor is not represented by counsel, reaffirmation agreements that involve substantial detriment to debtor with no corresponding benefit should not be approved by the court.); *In re Latanowich,* 207 B.R. 326, 335 (Bankr.D.Mass.1997)(Section 524(c)(6)(a) "protects debtors from reaffirming debts improvidently-...because they fall victim to overreaching creditors, or for whatever reason—by interposing the independent review and judgment of the court.").

An appropriate order will be entered.

## ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

This case came before the court on the Reaffirmation Agreement and Order executed by the Debtor and Citifinancial, Inc., whereby the Debtor undertook to reaffirm her debt to Citifinancial, Inc., in the sum of $11,753.42 with interest, in connection with a debt secured by Debtor's 1994 Mercury

Sable GS 4–door sedan. After careful consideration of the record herein, for the reasons set forth in the Memorandum of Decision filed herewith, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That approval of Debtor's Reaffirmation Agreement with Citifinancial, Inc., is DENIED without prejudice to the right of the Debtor to file a motion to redeem the subject vehicle pursuant to § 722 of the Bankruptcy Code.