**In re LEEGATE CORPORATION, N.V., Debtor.**

**No. 97–13030–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Jan. 27, 2010.

Stanley M. Salus, Akerman Senterfitt LLP, Vienna, VA, for Debtor.

W. Clarkson McDow, Jr., Jack Frankel, Office of the U.S. Trustee, Alexandria, VA, for U.S. Trustee.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE is before the court on the motion of the debtor's attorney to reopen this chapter 11 case. An order confirming the chapter 11 plan was entered on May 11, 2000, and the case was closed on July 11, 2000.

The law firm acted as the disbursement agent for the debtor. Not all checks that were issued were cashed and there are now unclaimed funds of about $31,000 which are being held by the law firm. The law firm requests that the case be reopened so that it may pay the unclaimed funds to the clerk of this court to be held for the unpaid creditors. The United States Trustee objected to the motion.

Unless a chapter 11 plan provides otherwise, unclaimed funds are controlled by § 347(b) of the Bankruptcy Code. It provides that "any security, money, or other property remaining unclaimed at the expiration of time allowed in a case ... becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be." 11 U.S.C. § 347(b).[1] Thus, the unclaimed

---

1. All chapter 11 plans should set the time within which securities are to be surrendered, checks cashed, and other property claimed. In the absence of such a plan provision, a reasonable period of time will be allowed. In

funds in the possession of the law firm belong to the debtor, not to the creditors.

Unfortunately, the law firm has lost contact with the debtor. The debtor was a Virginia corporation and the disposition of the funds the law firm holds is controlled by Virginia Code (1950), § 55–210.1 *et seq.,* the Uniform Disposition of Unclaimed Property Act. The statute provides that unclaimed funds—the money the law firm is now holding for the debtor—be paid over to the Unclaimed Property Division of the Virginia Department of Treasury. Unless the law firm reestablishes contact with the debtor within a reasonable time, it should pay the funds on hand to the Unclaimed Property Division of Virginia Department of Treasury and report the debtor as the owner.

There being nothing that can be achieved by reopening the case, the motion will be denied. *In re Carberry,* 186 B.R. 401 (Bankr.E.D.Va.1995).

this case, it has been almost ten years since

the checks were mailed to the creditors.