**In the Matter of Humberto & Maria PEREZ, Debtors.**

**Bankruptcy No. BK94–81065.**

United States Bankruptcy Court, D. Nebraska.

Jan. 27, 1995.

Bert Blackwell, McCook, NE, for debtors.

Sam King, Omaha, NE, for U.S. Trustee.

### MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on November 22, 1994, on Motion for Examination of Attorney Fee Agreement. Appearing on behalf of debtors was Bert Blackwell of McCook, Nebraska. Appearing on behalf of the United States Trustee was Sam King of Omaha, Nebraska. This memorandum contains findings of fact and conclusions of law required by Fed. Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

### Background

The debtors filed for Chapter 7 bankruptcy relief on July 7, 1994. Prior to filing for bankruptcy relief, the debtors and their attorney, Bert Blackwell (Mr. Blackwell), executed a promissory note for $1,000 in favor of Mr. Blackwell as his attorney fee for the Chapter 7 case. Under the terms of the promissory note, the debtors are obligated to make $100.00 installment payments per month for ten (10) months. In consideration of the promissory note, Mr. Blackwell agreed to represent the debtors in all aspects of the Chapter 7 case. The debtors granted Mr. Blackwell a security interest in their 1976 Chevrolet Blazer to secure this note.

On July 10, 1994, after the Chapter 7 case was filed, the debtors and Mr. Blackwell executed a reaffirmation agreement (the agreement). The agreement was filed with the Court on September 8, 1994. An affidavit executed and signed by Mr. Blackwell was attached to the agreement.

The United States Trustee (the UST) requested that the Court examine the attorney fee agreement between the debtor and Mr. Blackwell on October 3, 1994. The authority for such examination is Fed.Bankr.R. 2017. The UST requests that the Court make at least one of three proposed findings concerning the prepetition fee agreement:

(1) Strike the entire reaffirmation agreement because the payments being made by

the debtors constitute an undue hardship. The debtors' income is listed in their Chapter 7 schedules at $460.00, while their expenses total $819.37, and the debtors have three dependant children. Therefore, the payments of $100.00 per month present an undue hardship.

(2) Strike the portions of the reaffirmation agreement which do not comply with the enumerated disclosure requirements of 11 U.S.C. § 524(c).

(3) Because the debtors were not properly represented during the negotiation of the reaffirmation agreement due to the Mr. Blackwell's conflict of interest, require Mr. Blackwell to request a hearing on the agreement on behalf of debtors pursuant to 11 U.S.C. § 524(c)(6) and (d).

### Decision

The right of debtor's attorneys to obtain debtors' reaffirmation of installment fee agreements for Chapter 7 case representation is necessary to ensure that indigent debtors or other debtors who would otherwise not be able to pay the fee up front or pay a retainer to the attorney receive representation during their Chapter 7 case. However, the reaffirmation agreement must comply with the disclosure standards set forth in 11 U.S.C. § 524(c). Any information contained in the reaffirmation agreement which is not in compliance with 11 U.S.C. § 524(c) should not be included in such a reaffirmation agreement and is not enforceable.

Attorneys who want their clients to reaffirm prepetition fee installment agreements must request a hearing on behalf of the debtors before the Court as provided for in 11 U.S.C. § 524(c)(6) and (d). The hearing may be by telephone, and the debtors must participate. No agreement to reaffirm an obligation to make post-petition payments for attorney fees will be valid until such hearing takes place, and the Court is satisfied that the debtors are fully informed of their rights under Section 524(c). The only acceptable alternative to a hearing is that debtors may seek independent counsel's advice on whether to reaffirm the fee agreement.

### Discussion

#### A. *Reaffirmation of Attorney Fee Agreements Generally*

The UST has standing to raise and be heard on any issue in any case under Title 11. 11 U.S.C. § 307. This includes the right to bring motions to examine transactions between debtors and their attorneys. Fed. Bankr.R. 2017.

The Canons of professional responsibility state: "A lawyer should assist the legal profession in fulfilling its duty to make legal counsel available." NEBRASKA CODE OF PROFESSIONAL RESPONSIBILITY, Canon 2 (1995). Ethical considerations dictate that all attorneys should assist those who cannot otherwise afford legal representation. *Id.,* EC 24–25. This judge believes that the availability of installment fee contracts for those clients who cannot otherwise afford an attorney, but do require bankruptcy relief, enhances the ability of debtors to secure adequate legal representation.

This judge supports and encourages the use of installment fee agreements for bankruptcy services. Such arrangements to repay fees are permissible under the Bankruptcy Code. *In re Hessinger & Associates,* 165 B.R. 657 (Bankr.N.D.Cal.1994) (holding that attorney could not enter into reaffirmation agreement with client without court approval); *In re Symes,* 174 B.R. 114 (Bankr. D.Ariz.1994) (holding that 11 U.S.C. § 524(c) and (d) sets parameters for the repayment of prepetition claims that arose in contemplation legal services for a bankruptcy case).

The statutory authority for a debtor to reaffirm a prepetition claim is Section 524(c) and (d) of the Bankruptcy Code. In the instance where the debtor is reaffirming a debt for an attorney fee, the debtor is entitled to be informed in "plain, conspicuous, written terms that the fee is dischargeable." *Symes,* 174 B.R. at 117. The attorney's adverse interest to the debtor causes reaffirmation agreements to face extra scrutiny by the Court before being approved. However, the attorney-client relationship does not preclude an attorney from seeking to have the fee agreement reaffirmed so long as detailed no-

tice and disclosure are made to the debtor. *Id.*

In addition to meeting the statutory requirements for disclosure, the Bankruptcy Code also requires that a hearing be held before the bankruptcy court in instances where the debtor is not represented by counsel. 11 U.S.C. § 524(c)(6) & (d); Neb. R.Bankr.P. 4008. The attorney who is seeking to have his or her fees reaffirmed has a conflict of interest and should not be allowed to assert by affidavit that such reaffirmation will not cause undue hardship to the debtors. Instead, for purposes of the reaffirmation agreement, debtors should be considered as being without counsel. Therefore, attorneys who are seeking to have their prepetition attorney fee contracts reaffirmed by the bankruptcy court must request a hearing and have the reaffirmation agreement approved by the Court. Under this procedure, the debtors may be independently informed by the Court of the rights they have to disavow the reaffirmation agreement. The only acceptable alternative to a hearing before this Court will be for the debtors to seek independent counsel to advise them on the reaffirmation agreement. Until one of these procedures is followed, no agreement for attorney fees between a debtor and the debtor's attorney may be reaffirmed or be enforceable.

Hearings on the reaffirmation agreement may be in the courtroom or by telephone. All issues concerning "undue hardship" and reasonableness of the fee shall be considered at the hearing. The cost of a telephonic hearing on any reaffirmation agreement which was filed with this Court on or before the date of this Order shall be borne by the Court. The cost of a hearing on a reaffirmation agreement filed after the date of this Order shall borne by the debtor or the attorney. Under this arrangement, the attorney should not encounter "unexpected" costs due to this decision. The UST may participate in any such hearing.

### B. *The Agreement in this Case*

Having dealt with reaffirmation of fee agreements in general, the Court will now discuss the agreement filed by Mr. Blackwell.

Paragraph 7 of the agreement, which grants Mr. Blackwell an extension of time to object to the discharge the debtors' debt, is not valid and is deemed to be stricken from the agreement. Paragraph 7 states:

7. The Debtors further agree that, in the event the debtors should disavow this Reaffirmation Agreement, the creditor will have an extension of twenty (20) days after the disavowal of this Reaffirmation Agreement to object to the debtors' discharge in bankruptcy.

Filing no. 8, ¶ 7.

The UST takes the position that this provision is misleading because it implies that Mr. Blackwell can object to the debtor's entire discharge instead of only to the discharge of the debt for the attorney fees. Paragraph 7 is stricken because in addition to the UST's argument, an attorney does not have the authority to unilaterally grant to himself an extension of time to object to a discharge. Only the Court may grant extensions after notice and hearing, and even then, the motion for an extension to object to discharge must be made before the time to object to the discharge expires. Fed.Bankr.R. 4004(a) & (b).

The portion of paragraph 5(B) of the agreement which authorizes the debtors' attorney to file an affidavit in place of requesting a hearing before the Court is void. Paragraph 5(B) states:

5. The debtors further warrant that they understand the following principles:

B. By signing this agreement, they authorize their attorney to file the agreement with the Court and to file his affidavit finding that the agreement is a fully informed and voluntary agreement of the debtors and does not impose an undue hardship on the debtors or a dependent of the debtors.

Filing no. 8, ¶ 5(B).

Section 524(c)(3) states that an affidavit should be submitted by the attorney who represents the debtor during the reaffirmation negotiations. In this case and in any case where the reaffirmation agreement to

be entered into is to reaffirm the debtors' attorney's fee, the attorney may not be deemed to "represent" the debtor for the limited purpose of the reaffirmation agreement. The resulting conflict of interest renders Mr. Blackwell's affidavit void in this case. The affidavit is not prejudicial to the debtor, but it is also not necessary because the Court will address the substantive contents of the affidavit at the hearing.

In future agreements, a paragraph similar to 5(B) should state that there will be a hearing, instead of an affidavit: "By signing this agreement, they [the debtors] authorize their attorney to file the agreement with the Court and request a hearing before the Court at which the debtors will personally appear to have the agreement approved."

■ It is not necessary for Mr. Blackwell to amend paragraphs 5(B) and 7 before the hearing on this agreement. In addition, to the extent that this language is used in other reaffirmation agreements on file with the Court in other Chapter 7 cases, Mr. Blackwell does not need to amend those agreements either. The portions of the agreement which are deemed stricken are not prejudicial to the debtor because the Court will address these points with the debtor at the hearing. However, for future agreements filed after this date, the Court will strike as prejudicial any provision that does not comply with the disclosure requirements of Section 524(c).

### Conclusion

Mr. Blackwell is directed to request a hearing on this agreement. The hearing may be by telephone. The Court will bear the cost of hearings on reaffirmation agreements already on file with the Court. However, for future agreements filed after today's date, either the debtor or the debtors' attorney will pay for the telephone connection.

Because it is mandatory that a hearing be held to reaffirm a debt for an attorney fee agreement proposing post-petition payments, debtors' attorneys do not need to file affidavits with such reaffirmation agreements. If a debtor consults with independent counsel about the reaffirmation agreement, independent counsel may file an affidavit with the agreement, and no hearing will be necessary.

The UST is encouraged to file motions such as this and be heard at reaffirmation hearings. At the hearing, the UST may, but is not required to, submit evidence that the agreement is an undue burden on the debtors, that the fee is excessive, that the agreement does not make proper disclosure to the debtors of their Section 524(c) rights, or that the agreement is otherwise not valid.

Separate journal entry to be filed.