**In re Leeann (NMN) PASCO, Debtor.**

**Bankruptcy No. 97–28441–SBB.**

United States Bankruptcy Court, D. Colorado.

March 31, 1998.

Karen Galvin, Denver, CO, for Debtor.

Leo Weiss, Denver, CO, for U.S. Trustee's Office.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on March 12, 1998, on the Reaffirmation Agreement between Debtor and Debtor's counsel, Karen L. Galvin, filed on January 26, 1998. The Court, having reviewed the file, conducted a hearing, and being advised in the premises, issues the following findings of fact, conclusions of law and Order.

### INTRODUCTION

Case law has developed in this jurisdiction and others which prevents a Chapter 7 debtor from paying attorney's fees for services performed pre-petition in a Chapter 7 case on a post-petition basis. As the case law now stands, debtors are effectively precluded from filing "zero down" or "zero to start" Chapter 7 bankruptcies. This development has serious potential implications, including limiting indigent debtors' access to bankruptcy relief and, perhaps, increasing the number of pro se bankruptcy debtors.

In an effort to accommodate debtors who do not have the means to pay all pre-petition legal services prior to the filing of the petition, attorneys have sought ways to bypass the case law. One of those methods is before the Court in this case where the Debtor is proposing to formally reaffirm the debt owed to her bankruptcy attorney for pre-petition legal fees.

### ISSUE

The issue before the Court is whether, in a Chapter 7 case, a debtor may reaffirm, and pay post-petition, a debt owed to his/her bankruptcy attorney for legal services rendered pre-petition in connection with the bankruptcy.

### FINDINGS OF FACT

Leeann Pasco, the Debtor herein, filed a Chapter 7 Petition on December 15, 1997. Along with the Petition, Debtor filed completed Schedules and a Statement of Financial Affairs. Also on December 15, 1997, Debtor's counsel, Karen L. Galvin, filed her Attorney Fee Disclosure Statement as required by Fed.R.Bankr.P.2016 and L.B.R. 216. Question 9 of the Statement of Financial Affairs and the Attorney Fee Disclosure Statement both disclose that, prior to the filing of the Petition, Debtor's counsel did not receive any compensation or retainer for services rendered prior to filing. In other words, this a "zero down" or "zero to start" bankruptcy arrangement between the Debtor and her counsel.

On January 26, 1998, Debtor filed a Reaffirmation Agreement wherein the Debtor proposes to reaffirm the fee agreement dated December 15, 1997 between her and her bankruptcy attorney, Ms. Galvin. The Reaffirmation Agreement provides that the Agreement may be rescinded at any time prior to discharge or within sixty days after

it is filed with Court, whichever occurs later. The Reaffirmation Agreement also provides that the balance of fees shall be payable in installments as provided for in the Fee Agreement. (The Fee Agreement was submitted to the Court as an attachment to the Reaffirmation Agreement.)

The Fee Agreement, dated and signed by the Debtor on December 15, 1997, provides that Debtor shall pay $625.00 to Ms. Galvin as attorney's fees for services contemplated under the Fee Agreement. The Fee Agreement discloses that Debtor paid no retainer to Ms. Galvin and that the $625.00 in attorney's fees shall be satisfied by Debtor tendering $35.00 per week to Ms. Galvin beginning January 5, 1998, until satisfied. The Fee Agreement also contains the following disclosure regarding the fees charged and the dischargeable nature of same:

> YOU NEED TO KNOW that all cases in this office are filed on a deficiency basis unless you are able to pay all or substantially all of your fees up front. A deficiency filing means that only a minimum of work is done on your case prior to the date your petition is filed and additional documents must be prepared and filed after the filing of your petition. We attempt to accomplish this without undue inconvenience to you. This method of accomplishing your bankruptcy services has been necessitated by an opinion issued by one of our bankruptcy court judges. This opinion holds that if we perform services for you prior to the date of filing, we create a debt which may be discharged in your bankruptcy. In other words, we work for free for those clients would [sic]take advantage of this situation and decide not to pay the fees they have committed to. The Court has stated that in order to raise funds for legal representation, "Debtors commonly defer payment of other debts or borrow from family and friends in order to pay attorneys". We realize that by this time you are very likely borrowed out and that you have already stopped making payment on debts for all but the most essential services. Therefore, in representing you,

we attempt to accommodate the Court in another way and that is by rendering substantially all services post petition [sic], or after the filing of your petition. That means the debt is not dischargeable and the Court's concerns are addressed.

Inconsistent with this particular disclosure, the within case was not filed as a deficiency filing and, thus, presumably, most of the services were actually rendered pre-petition. In the instant case, all of the necessary paperwork was completed prior to the filing of the Petition and few, if any, services have been rendered post-petition. The only activity in this case, as reflected in the Court's file, since the filing of the Petition is the Trustee's Report of No Distribution filed on January 21, 1998 and the within Reaffirmation Agreement filed on January 26, 1998.

### *DISCUSSION*

Although procedural deficiencies in the Reaffirmation Agreement in the instant case preclude the Court from authorizing it, the Court concludes that a debtor may, under proper circumstances, reaffirm a fee agreement entered into pre-petition between the debtor and his/her counsel. Debtors, attempting to enter into reaffirmation agreements with their bankruptcy counsel, will, however, have to strictly and fully adhere to the statutory requirements of 11 U.S.C. §§ 524(c) and 524(d). Additionally, such agreements will be subject to extra and exacting scrutiny and review by the Court due to their very nature and the inherent conflict of interest they create between debtors and their counsel.

Courts have an affirmative duty to review and, where necessary, cancel fee agreements or order the return of any payments for services it deems unreasonable. 11 U.S.C. § 329. *See In re Land,* 943 F.2d 1265 (10th Cir.1991). The Court must review all fee arrangements or agreements, and/or fees paid, for services of debtor's counsel in connection with, or in contemplation of the filing of, any case under Title 11, United States Code.[1] This duty has been complicated

---

**1.** Due to procedural deficiencies and the Court's denial of the within Reaffirmation Agreement, the Court does not reach the issue of whether the fees charged in this case are reasonable.

by recent decisions relating to the nature and dischargeability of any claim or debt for pre-petition legal fees.

In 1995, this Court in the *In re Martin,* 197 B.R. 120 (Bankr.D.Colo.1996) decision, held that any pre-petition fee agreement or pre-petition fees resulting from services rendered by debtor's counsel prior to the filing of the petition that remain unpaid at the time of filing are dischargeable in a Chapter 7 bankruptcy.[2] The Court reasoned that

> [T]he pre-petition fee agreement gives rise to a debt which, if unpaid at the time of the bankruptcy filing, falls within the definition of a claim pursuant to 11 U.S.C. § 101(5)(A). Section 727(b) of the Code discharges the debtor "from all debts that arose before the date of the order for relief under this chapter and any liability on a claim ... as if the claim had arisen before the commencement of the case ... except as provided under § 523." Exceptions to discharge in § 523 do not include, expressly or by implication, pre-petition debts for attorney fees.

*Martin* at 126–27.

Since the *Martin* decision, this Court is unaware of any challenges to the holding therein. It appears to be accepted and settled law in this jurisdiction[3] and others[4] that any claim or debt for pre-petition legal fees will be dischargeable in a Chapter 7 case.[5] This is not to say, however, that bankruptcy attorneys have not been trying ever since to come up with a creative and effective solution to the problems imposed by holdings that rendered all pre-petition legal fees dischargeable in a Chapter 7 case. Indeed, the Honorable Roland J. Brumbaugh, of this Court, recently decided just such a case. *In re Haynes,* 216 B.R. 440 (Bankr.D.Colo.1997).

In *Haynes,* debtor's counsel attempted to get around the *Martin* holding by utilizing deficient filings. Debtor's counsel attempted to characterize all of its flat fee of $600.00 for services rendered in connection with the Chapter 7 case as fees earned post-petition, thus circumventing the dischargeability of pre-petition fees. Counsel utilized a system wherein initially only a petition was filed. Thereafter, according to counsel, schedules, statements and any other required documents were prepared and filed with the Court. Thus, the bulk of services were ostensibly performed post-petition and fees for such services were not dischargeable.

In finding that deficiency filings were not an acceptable method for skirting the holding in *In re Martin,* the *Haynes* Court concluded that the weight of the testimony could not sustain a holding that the entire flat fee of $600.00 was earned post-petition. Where debtor's counsel testified that historically it charged a $600.00 flat fee for an entire Chapter 7 case and that the bulk of the attorney's work was typically performed pre-petition, the Court could not now award $600.00 for only part of the case, i.e. the post-petition part. *Id.* at 443. The *Haynes* Court did not find it credible or ethical that all of the attorney's services were now being performed post-petition. The Court determined that, at a minimum, before a case is filed the attorney must gather financial information from the client, analyze the information and then explain the situation and options to the client. Anything less, the Court noted, might result in a violation of the requirements of Fed.R.Bankr.P. 9011. Based on that reasoning, the Court found that deficient filings were not a viable solution to the *Martin* problem.

This Court is now being asked to decide whether the use of reaffirmation agreements for counsel's pre-petition fee agreement is an acceptable method to bypass the *Martin* holding. Although a creative solution to the

---

**2.** Not only are such fees dischargeable, this Court previously determined that Chapter 7 debtor's counsel may not be compensated from the estate, or from estate assets. *In re Friedland,* 182 B.R. 576 (Bankr.D.Colo.1995).

**3.** *See also, In re Haynes,* 216 B.R. 440 (Bankr. D.Colo.1997).

**4.** *See, In re Voglio,* 191 B.R. 420 (D.Ariz.1996); *In re Biggar,* 185 B.R. 825 (N.D.Ca.1995); *In re Symes,* 174 B.R. 114 (Bankr.D.Ariz.1994); *Matter of Perez,* 177 B.R. 319 (Bankr.D.Neb.1995).

**5.** Indeed, at least for some divisions of this Bankruptcy Court, the same rule is applied to Chapter 13 cases, as well. *In re Haynes,* 216 B.R. 440 (Bankr.D.Colo.1997).

problem, it is certainly not an original solution. Indeed, such a solution was alluded to by the Court in *Martin*.[6] *Id.* at 127. Additionally, other courts have addressed, and approved of, the use of reaffirmation agreements between a debtor and debtor's counsel for pre-petition legal fees. *See, In re Voglio*, 191 B.R. 420 (D.Ariz.1996); *In re Biggar*, 185 B.R. 825 (N.D.Ca.1995); *In re Nidiver*, 217 B.R. 581 (Bankr.D.Neb.1998); *Matter of Perez*, 177 B.R. 319 (Bankr.D.Neb.1995); *In re Symes*, 174 B.R. 114 (Bankr.D.Ariz.1994).

In the case law available, there appears to be little, if any, dispute that a reaffirmation agreement is a viable solution to the problem created by *Martin* and other similar decisions. *See Voglio*, 191 B.R. at 425; *Biggar*, 185 B.R. at 829; *Nidiver* at 582–83; *Perez*, 177 B.R. at 321; *Symes*, 174 B.R. at 117. Indeed, such a solution appears to be an effective and practical way to enable debtors to pay pre-petition legal fees in installments after the bankruptcy is filed. Therefore, this Court concurs that, generally, a debtor may reaffirm a fee agreement and thereby pay pre-petition legal fees on a post-petition basis.

The problems and complexities arise when the Court attempts to carry out the mandates of 11 U.S.C. § 524 in this unusual, sensitive, and highly regulated context. Instructive on this point is the *In re Symes* decision. The *Symes* Court, in holding that a debtor could reaffirm a fee agreement, cautioned that, given the special attorney-client relationship, such a reaffirmation would require detailed notice and full disclosure. The Court concluded that to allow such a reaffirmation, the debtor would have to be told in plain, conspicuous, written terms that, *inter alia*, the fee is dischargeable. *Id.* at 117.

In a similar case where the bankruptcy court held that a fee agreement could be reaffirmed, the Court advised that strict compliance with the statutory requirements of 11 U.S.C. § 524 would be required. *Perez*, 177 B.R. at 321–22. The *Perez* Court, as in *Symes*, warned that the debtor would have to be told in plain, conspicuous, written terms that the pre-petition agreement is dischargeable. *Id.* at 321. Additionally, the *Perez* Court cautioned that

> The attorney's adverse interest to the debtor causes reaffirmation agreements to face extra scrutiny by the Court before being approved.

> *Id.* at 321–22.

The extra scrutiny required by the Court may be satisfied, at least in part, during the reaffirmation hearing which will undoubtedly be required for every fee agreement reaffirmation.[7] Reaffirmation of a fee agreement creates, by its very nature, a conflict of interest between debtor's counsel and his/her client. *Perez*, 177 B.R. at 322. Therefore, the Court must consider the debtor to be without representation by an attorney in the negotiation of a reaffirmation of a fee agreement. In such a situation, the Bankruptcy Code requires the Court hold a hearing, which the debtor must attend in person. 11 U.S.C. § 524(d). At the hearing, the Court must inform the debtor that the agreement is not required by the Bankruptcy Code, by nonbankruptcy law, or under any agreement not made in accordance with Section 524(c). 11 U.S.C. § 524(c)(1)(B). Additionally, the Court must independently inform the debtor of the legal consequences of entering into such an agreement. 11 U.S.C. § 524(d)(1)(B). Finally, the Court must determine that the agreement does not impose an undue hardship upon the debtor and that the agreement is in the best interest of the debtor. 11 U.S.C. §§ 524(c)(6); 524(d)(2).

---

6. The *Martin* Court, realizing the impact its decision could have on public policy concerns, offered a number of potential solutions to help indigent debtors incapable of raising funds for legal representation prior to the filing of the bankruptcy case. The solutions suggested included (a) deferring payments on other debts; (b) borrowing funds from family and friends; (c) having attorneys quantify the fee for pre-petition and post-petition services and only requiring payment of pre-petition fees prior to filing the case; (d) payment by a third-party guarantor; and (e) reaffirmation of the debt. *Id.* at 127.

7. The only exception would be if the debtor was represented by independent counsel during the negotiation of the reaffirmation agreement and an affidavit from that attorney was attached to the reaffirmation agreement.

 In the instant case, the Court held a hearing pursuant to the mandates of Section 524(c) and (d). At that hearing, the Court informed Debtor that her debt to Ms. Galvin for pre-petition fees was dischargeable in her bankruptcy and that she had no legal obligation to pay such fees. Further, the Court explained that, if approved, the Reaffirmation Agreement would be a binding and enforceable obligation against the Debtor. The Court also assured itself by reviewing the file and inquiring of the Debtor that the payments required under the Reaffirmation Agreement would not impose an undue hardship on Debtor. In determining whether the Reaffirmation Agreement was in the best interest of the Debtor, the Court asked the Debtor why she wanted to enter into such an Agreement. The Debtor responded that she simply felt it was the right thing to do. Additionally, the Debtor demonstrated a full appreciation of her rights and options in the matter and that the Agreement represented her own fully informed and voluntary decision.

At the conclusion of the hearing, the Court was satisfied that the requirements of Section 524 had been met, with one notable and fatal exception. That exception arises under 11 U.S.C. § 524(c)(2)(B).

Section 524(c)(2)(B) requires that a reaffirmation agreement contain a clear and conspicuous statement advising the debtor that such an agreement is not required under Title 11, United States Code, under nonbankruptcy law, or under any agreement not approved under Section 524.[8] Additionally, the case law has made it clear that such an advisement must be plain, conspicuous and in writing. *Symes,* 174 B.R. at 117; *Perez,* 177 B.R. at 321. A thorough review of the Reaffirmation Agreement in this case discloses that it fails to advise Debtor in plain, conspicuous and written terms that the fee agreement is dischargeable. In fact, nowhere on the face of the Reaffirmation Agreement is the Court able to locate a disclosure that Debtor is not required to enter into such an agreement or that the fee agreement in question is dischargeable. Under these circumstances, the Court is unable to approve or authorize the within Reaffirmation Agreement.

### CONCLUSION

In general, a debtor may reaffirm, and pay post-petition, a debt owed to his/her bankruptcy attorney for legal services rendered pre-petition. Such an agreement must, however, strictly and fully comply with the statutory requirements of 11 U.S.C. §§ 524(c) and 524(d). First, the debtor must be advised in plain, conspicuous, written terms that the fee agreement is dischargeable and that the agreement may be rescinded at any time prior to discharge or within sixty days after the agreement is filed with the Court, whichever is later. Second, the Court must hold a hearing on the reaffirmation agreement and the debtor must attend the hearing in person. Third, the Court must inform the debtor that the reaffirmation agreement is not required under any applicable law. Fourth, the Court must inform the debtor of the legal status and consequences of entering into such an agreement. Finally, the Court must determine that the agreement does not impose an undue hardship on the debtor and debtor's dependents, and that the agreement is in the best interest of the debtor. If all of these conditions are met, the Court may approve a reaffirmation agreement between a debtor and counsel for pre-petition legal fees. Unfortunately, in the instant case, a significant part of the first condition—the debtor must be advised in plain, conspicuous, written terms that the fee agreement is dischargeable—has not been met. Under these circumstances, the Court cannot approve or authorize the reaffirmation agreement between Debtor and Debtor's counsel.

### *ORDER*

Accordingly, it is

ORDERED that the Reaffirmation Agreement between Debtor and Debtor's counsel, Ms. Galvin, is DENIED, without prejudice.

---

8. Also, the Agreement must, under 11 U.S.C. § 524(c)(2)(A), contain a clear and conspicuous statement advising the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later.