**In re Dorothy Belle PERRY,**
SSN 522 60 6887, Debtor.

**Bankruptcy No. 98–15654 DEC.**

United States Bankruptcy Court,
D. Colorado.

Oct. 1, 1998.

Sonja Ann Becker, Denver, Colorado, for Debtor.

### ORDER REGARDING REAFFIRMATION OF BANKRUPTCY ATTORNEY FEES

DONALD E. CORDOVA, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on September 16, 1998, on the Reaffirmation Agreement between Debtor and Debtor's counsel, Sonja Ann Becker, filed on August 14, 1998. The Court, having reviewed the file, conducted a hearing, and being advised in the premises, hereby makes the following findings of fact and conclusions of law.

## INTRODUCTION

Case law has developed which provides that a debtor's legal fees in a Chapter 7 case, incurred pre-petition, but unpaid at the time of filing, are dischargeable. The result is that debtors are precluded from entering into fee agreements whereby a portion of, or the entire, legal fee is paid post-petition. Debtors may be required to pay the entire legal fee pre-petition or be rendered too poor to file bankruptcy with legal assistance.

In order to aid debtors who do not have the means to pay the entire fee pre-petition, courts have accepted some creative solutions, such as reaffirmation agreements. Although the agreements resolve the dilemma for debtors, reaffirmation agreements may not render a suitable result for Chapter 7 attorneys because the debt is still subject to discharge at the debtor's discretion. Therefore, Chapter 7 attorneys are placed in a very tenuous position. The consequence may be that bankruptcy attorneys cease to practice in the Chapter 7 arena, forcing debtors to file on a *pro-se* basis.

## ISSUE

The issue before the Court is whether, in a Chapter 7 case, a reasonable fee for legal services, properly disclosed pursuant to Section 329(a) and Bankruptcy Rule 2016(b), regardless of whether the services are performed pre-petition or post-petition, is subject to discharge if not paid in full prior to the filing of the bankruptcy petition.

## FACTS

The Debtor filed her Chapter 7 bankruptcy petition on April 28, 1998. On her Statement of Financial Affairs, the Debtor disclosed that she paid her attorney, Sonja Ann Becker, $350.00 on April 9, 1998.

Also on April 28, 1998, Ms. Becker filed her Statement Pursuant to Rule 2016(b), which Statement is dated April 16, 1998. As per the standard language, the Statement provides:

The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:

a) For legal services rendered or to be rendered in contemplation of and in connection with this case .. $750.00
b) Prior to the filing of this statement, debtor(s) have paid ........ $350.00
c) The unpaid balance due and payable is ........................ $400.00

■ The Debtor received a discharge on July 30, 1998. On August 8, 1998, the Debtor and Ms. Becker entered into a Reaffirmation Agreement.[1] The Debtor proposes to reaffirm the $400.00 debt owed to Ms. Becker. It is unclear from the Reaffirmation Agreement whether the fees the Debtor seeks to reaffirm were incurred pre-petition or post-petition. The Reaffirmation Agreement refers to a fee agreement entered into prior to the bankruptcy filing, but such fee agreement is not attached to the Reaffirmation Agreement. The fee agreement may have shed some light on whether the unpaid fees are for pre-petition or post-petition services.

The Reaffirmation Agreement provides that the Debtor agrees to "reaffirm the balance of the Attorney Fees owing to Ms. Becker and agrees to pay said balance and further agrees that the balance of the debt survive the discharge ... The Debtor hereby reaffirms the amount of [$]400.00 which is the unpaid balance of the Attorney Fee not paid prior to filing." As required by Section 524 of the Bankruptcy Code, the Agreement also provides that it "may be rescinded (canceled) at any time prior to discharge or within sixty days after the agreement is filed with the Court, whichever is later ."

## DISCUSSION

Congress has failed to set out explicit rules regarding the treatment of attorneys fees in Chapter 7 cases. The issue is confused by provisions in the Bankruptcy Code and Bankruptcy Rules which render contrasting results. Section 329 and Rules 2016 and 2017 indicate that post-petition payment of pre-petition attorneys fees is contemplated and permitted by the Bankruptcy Code. However, the broad discharge set forth in

---

1. Although the Court has decided to address the issue stated herein in depth, the Court notes that the subject Reaffirmation Agreement is not enforceable because the parties entered into the Reaffirmation Agreement after the debtor received her discharge. 11 U.S.C. § 524(c)(1).

Section 727(b) and the limited exceptions to discharge set forth in Section 523 suggest that pre-petition attorneys fees constitute a dischargeable "claim."

Section 329 of the Bankruptcy Code monitors a debtor's transactions with attorneys. Section 329(a) requires disclosure of attorneys fees "paid or agreed to be paid ... for services rendered or to be rendered in contemplation of or in connection with the case by such attorney ...." 11 U.S.C. § 329(a). Bankruptcy Rules 2016 and 2017 implement Section 329. Rule 2016(a) regulates applications by professionals, including attorneys, for compensation from the estate. Fed. R.Bankr.P.2016(a). The Rule requires debtor's counsel to file a disclosure statement identifying fee agreements and the amount of compensation paid or agreed to be paid by the debtor. Fed.R.Bankr.P.2016(b). Pursuant to this Rule, Ms. Becker filed her Statement Pursuant to Rule 2016(b) on April 28, 1998. Rule 2017 delineates the procedure by which payments to debtor's counsel are reviewed under Section 329. Fed.R.Bankr.P. 2017. Section 329 and Rules 2016 and 2017 contemplate post-petition payment of attorneys fees and give the Court wide latitude to review and cancel, if appropriate, fee agreements.

On the other hand, Section 727(b) discharges the debtor "from all debts that arose before the date of the order for relief under this chapter and any liability on a claim ... as if the claim had arisen before the commencement of the case ... except as provided under § 523." 11 U.S.C. § 727(b). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; ...." 11 U.S.C. § 101(5)(A). The exceptions to discharge delineated in Section 523 do not include debts for pre-petition attorney fees. These statutory provisions taken together indicate that unpaid pre-petition attorneys fees constitute "claims" which are not excepted from discharge.

Courts in this District and in others have wrestled with these competing provisions. The majority of courts have reconciled § 329 and § 727 by finding that the sections serve different purposes. In *In re Martin*, 197 B.R. 120 (Bankr.D.Colo.1996), Judge Krieger reasoned that:

> Section 329 regulates transactions between the debtor's attorney and the debtor in all cases under the Code. Its purpose is to prevent the overreaching of debtor's attorney in the bankruptcy process. It does not speak to the effect of a discharge upon a debtor's pre-petition obligation to the attorney. In contrast, § 727 creates and defines the substantive rights of discharge. It addresses the fundamental goals of bankruptcy, a fresh start for the debtor and equal treatment of creditors.

*Id.* at 127. Perceiving no conflict in the Code, Judge Krieger held that pre-petition fees resulting from pre-petition services that remain unpaid at the time of the bankruptcy filing are dischargeable in a Chapter 7 case. *Id.*; see also *Hessinger and Associates v. U.S. Trustee (In re Biggar)*, 110 F.3d 685 (9th Cir.1997).[2]

Judge Brumbaugh has expressly adopted the *Martin* holding and Judge Brooks has impliedly adopted the holding. In *In re Haynes*, 216 B.R. 440 (Bankr.D.Colo.1997), Judge Brumbaugh found that a deficient filing was not an acceptable method to skirt the holding in *Martin*. *Id.* at 443. The Court did not find it credible that debtor's counsel's entire fee could be earned on a post-petition basis. In fact, in the *Haynes* decision, Judge Brumbaugh announced that he would apply the *Martin* holding to cases under every chapter of the Code. In *In re Pasco*, 220 B.R. 119 (Bankr.D.Colo.1998), Judge Brooks held that, in a Chapter 7 case, a debtor may reaffirm, and pay post-petition, a debt owed to the debtor's bankruptcy counsel for legal services rendered pre-petition. *Id.* at 123. The Court reasoned that "a reaffirmation agreement is a viable solution to the problem

---

**2.** Moreover, in *In re Friedland*, 182 B.R. 576 (Bankr.D.Colo.1995), Judge Brooks held that debtor's counsel may not be compensated from the estate or from assets of the estate in a Chapter 7 case due to the 1994 amendment to Section 330 of the Bankruptcy Code. *Id.* at 579.

created by Martin and other similar decisions." *Id.*

A small minority of courts have found that unpaid pre-petition attorney fees incurred in a Chapter 7 case are not dischargeable. *See In re Mills,* 170 B.R. 404 (Bankr.D.Ariz. 1994). In *Mills,* Judge Case perceived a distinct conflict between Section 329 and Rules 2016 and 2017 and Sections 727(b) and 523, but found that the provisions may be harmonized. The Court reasoned that:

> The "cancellation" provisions of Section 329(b) are meaningless if Congress intended the obligations to be automatically discharged. Although it is well established that exceptions to discharge should be narrowly construed to preserve the debtor's "fresh start," ... it does not follow that the discharge provisions should be read to obliterate the purpose of a free-standing section in the same statutory scheme. As the Supreme Court has said, "statutory construction is a holistic endeavor." ... The goal is to harmonize conflicting statutes, not to render one of them meaningless.

*Id.* at 411–412 (internal citations omitted).

■ The issue before the Court is whether, in a Chapter 7 case, a reasonable fee for legal services, properly disclosed pursuant to Section 329(a) and Bankruptcy Rule 2016(b), regardless of whether the services are performed pre-petition or post-petition, is subject to discharge if not paid in full prior to the filing of the bankruptcy petition. In the case at hand, it is unclear whether the unpaid fees were incurred for pre-petition or post-petition legal services. If the fees were incurred for post-petition services, the issue is simple. Section 727(b) only discharges debts that arose before the commencement of the case. Attorney fees incurred for post-petition services are not subject to a Chapter 7 discharge. *Cf. Martin,* supra; *Gordon v. Hines (In re Hines),* 147 F.3d 1185 (9th Cir.1998) (the automatic stay did not prevent an attorney from collecting fees for post-petition services earned pursuant to a pre-petition contract). However, as discussed above, the issue is much more complicated if the fees were incurred for pre-petition services. The Court assumes that the unpaid

fees in this case were for pre-petition services because there is no need to reaffirm a post-petition debt.

■ This Court has carefully reviewed the matter and respectfully disagrees with the *Martin* holding and its progeny. Although the Court concedes that the majority's legal reasoning is sound and constitutes a valid analysis of Sections 727 and 523, the Court finds that Congress, by enacting Section 329 and adopting Rules 2016 and 2017, clearly contemplated the existence of fees "agreed to be paid ... for services rendered or to be rendered" in contemplation of and in connection with a bankruptcy case. Congress legislated a method of disclosure of attorneys fees and provided a method to regulate such fees in order to protect vulnerable debtors. It is not consistent with the enactment of Section 329 to assume that Congress intended to eradicate the existence of fees "agreed to be paid ... for services rendered or to be rendered" by granting a discharge to such fees.

The ability of indigent debtors to gain access to the bankruptcy court through legal representation is a strong public policy concern which weighs in favor of allowing such debtors to enter into fee agreements whereby all, or a portion, of the legal fees are payable post-petition. Furthermore, reaffirmation agreements between debtors and their counsel create serious conflicts of interest and place a heavy burden on Chapter 7 attorneys. It is not apparent in the Bankruptcy Code that Congress contemplated such agreements.

As Judge Case stated in the *Mills* decision, "it does not make sense to apply the meat cleaver of Section 727(b) to such [fee] agreements when the scalpel of Section 329(b) was designed for that purpose. Congress has specifically and carefully legislated a scheme of disclosure and oversight that should not be lightly disregarded...." *Mills,* 170 B.R. at 412.

The Court finds that a reasonable fee for legal services, properly disclosed pursuant to Section 329(a) and Bankruptcy Rule 2016(b), regardless of whether the services are performed pre-petition or post-petition, is not subject to discharge under Section 727(b) if

unpaid upon the filing of the bankruptcy petition. For the reasons stated herein and pursuant to 11 U.S.C. § 524(c)(1), it is hereby

ORDERED that the Reaffirmation Agreement between Debtor and Debtor's counsel, Sonja Ann Becker, filed on August 14, 1998 is DENIED.