**In re Richard FRAZIER, Barbara Lynn Frazier, Debtors.**

**Bankruptcy No. 98–23356.**

United States Bankruptcy Court, D. Connecticut.

March 8, 1999.

Keith Costa, Senior Attorney, Office of the United States Trustee, New Haven, CT, for movant.

Ronald I. Chorches, Hartford, CT, for debtors.

Mark H. Dean, P.C., Hartford, CT, for David M. Somers, Esq., respondent.

## MEMORANDUM OF DECISION ON U.S. TRUSTEE'S MOTION TO DISGORGE LEGAL FEES AND FOR SANCTIONS AGAINST DEBTORS' ATTORNEY

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

#### ISSUES

Carolyn S. Schwartz, the U.S. Trustee for Region 2 ("U.S.Trustee"), on November 5, 1998, filed the above-entitled motion against the respondent, David M. Somers, Esq. ("Somers"), an attorney who, on July 22, 1998, had filed a joint Chapter 7 bankruptcy petition on behalf of Richard Frazier ("Richard") and Barbara Lynn Frazier ("Barbara") (together, "the debtors"). The motion alleges that Somers charged the debtors an excessive fee of $2,000 for legal services and costs and requests that the court order Somers to repay to the debtors' Chapter 7 trustee such amount as is determined to be unreasonable. In addition, the motion asserts Somers improperly consented to Richard executing a reaffirmation agreement for a prepetition debt due Somers and requests that the court sanction Somers a monetary amount for so

doing and that the reaffirmation agreement be canceled.

The court, on December 1, 1998, held an evidentiary hearing on the motion, after which the U.S. Trustee and Somers filed briefs. Prior to the hearing, Somers conceded that the reaffirmation agreement be canceled and advised that he had returned to Richard all monies received under the agreement.

### II.

#### BACKGROUND

Barbara contacted Somers initially by telephone on July, 10, 1998, to inquire about filing a bankruptcy petition. She told Somers she was concerned about the impact of a $30,389 mortgage deficiency judgment recently entered against her and the possibility that, as an employed school teacher, her wages might be garnished. Somers had not previously represented Barbara, but had represented Richard, her husband, in a marriage dissolution action for which Richard owed Somers an unpaid legal fee of $3,174 ("the divorce fee"). Somers advised Barbara that his standard flat fee for a Chapter 7 bankruptcy petition was $2,000, of which $250 was for costs. He told her that other attorneys might charge less. Barbara agreed to the fee and made an appointment to meet with Somers at his office on July 13, 1998. During this office meeting, Barbara stated that she had no cash to pay the fee. She also stated that she wished to retain a credit card issued to her by the Northeast School Employees Federal Credit Union ("the credit union"). Somers told her that she could pay his legal fee with the credit card as long as she intended to reaffirm her unpaid account with the credit union. Barbara agreed to do so and paid Somers' fee with the credit card. Somers referred her to his legal assistant, Dana Miller ("Miller"), for the purpose of receiving instruction on filling out the informational form the office used to prepare bankruptcy petitions.

On or about July, 16, 1998, Barbara telephoned Miller to say that Richard had also decided to file a bankruptcy petition and that Somers should now prepare a joint petition.

Miller responded that joining Richard on the petition might create an attorney-client conflict problem inasmuch as Somers was a creditor of Richard. Barbara stated that Richard intended to pay the divorce fee notwithstanding the bankruptcy filing. When Miller so informed Somers, he telephoned Neal Ossen, Esq. ("Ossen"), an experienced member of the Hartford panel of private trustees, to inquire about the appropriateness of an attorney representing a debtor previously indebted to that attorney and who was willing to execute a reaffirmation agreement for such debt. Ossen, apparently extemporaneously, advised Somers that there was no conflict as long as there was full disclosure to the debtor under the Rules of Professional Conduct. Miller then informed Barbara by telephone that Somers could represent Richard and that Somers would prepare a reaffirmation agreement for the unpaid divorce fee. The legal fee for the joint petition remained the same.

Richard and Barbara unexpectedly arrived at Somers' office on July 20, 1998, to execute the bankruptcy petition and schedules, not then fully prepared. They advised Miller that they were leaving on vacation that day. Miller completed these papers while the debtors waited and the debtors then signed the documents. Richard also executed a model reaffirmation agreement for the divorce fee, which agreement Miller had printed from a form stored on the office computer. Somers was not in his office at the time and returned to the office later that night. Somers then signed the reaffirmation agreement without noticing that it contained untruthful statements, such as that Somers had "represented the Debtor during the negotiation of this Agreement." Somers, in fact, had never talked to Richard about the agreement.

Somers, on July 23, 1998, sent Richard the following letter:

Enclosed is a copy of the Reaffirmation Agreement for my legal fees filed with the U.S. Bankruptcy Court today. As explained, this was voluntary on your part and avoided a conflict of interest on my part. You had/have the right to consult with independent counsel concerning this and/or to rescind within sixty (60) days. I have enclosed copies of Rules 1.7 and 2.8 of Professional Conduct for your information.

Anthony S. Novak, Esq. ("Novak"), the panel trustee appointed in the debtors' case, inquired during the Bankruptcy Code § 341 creditors' meeting if the debtors had executed any reaffirmation agreements. Somers replied that Richard had signed a reaffirmation agreement for legal fees due Somers. Novak thereafter notified the Assistant United States Trustee, District of Connecticut, of the reaffirmation agreement.

Novak, a Hartford panel trustee since 1991, testified that he had noted attorneys' fees charged debtors in Chapter 7 cases as running from $495, plus costs, to $2,000. He stated that in the debtors' case, as a no-asset case, most local attorneys might charge the debtors a legal fee of $800, but that he could not opine on Somers' fee since he was uninformed of the time expended by Somers and his staff.

Ossen, called by the U.S. Trustee as an expert witness, testified similarly to Novak, that legal fees charged debtors in Chapter 7 cases run from $495, plus costs, to $2,000, depending upon complexity. During cross-examination, he confirmed that Somers had telephoned him about the propriety of an attorney handling a debtor's case seeking a reaffirmation of a prepetition debt due the attorney.

Somers introduced into evidence his time sheet on the debtors' case revealing that he had spent approximately 6 hours, from July 13, 1998 through the first meeting of creditors and that Miller's time totaled 10.6 hours. The actual costs totaled $208.40 and Somers has remitted $41.60 to the debtors. The debtors' bankruptcy schedules disclose total assets of $225,029, total liabilities of $232,496 and a joint income from earnings in 1997 of $101,815. In the petition, Richard listed his occupation as a property manager.

While Somers was representing the debtors, Barbara, with Somers' approval, executed a reaffirmation agreement with the credit union for her car loan. The credit union subsequently brought a nondischargeability action against the debtors for other loans,

including the credit card loan which the debtors apparently are willing to reaffirm.

## III.

## CONTENTIONS OF THE PARTIES

The U.S. Trustee contends that Somers' fee for representing the debtors in their joint Chapter 7 bankruptcy petition exceeds the reasonable value of his services. She asks the court to establish a lower amount as reasonable compensation and order Somers to return the excess to the Chapter 7 trustee. In addition, the U.S. Trustee asks the court to impose sanctions against Somers for improperly entering into a reaffirmation agreement with Richard regarding the divorce fee, and to require Somers to be responsible for the debtors' legal costs in defending the credit union's nondischargeability action.

Somers submits that his fee was reasonable. He concedes that he should not have executed the reaffirmation agreement, but maintains that the issue is moot, since, prior to the hearing, he had voluntarily canceled the agreement and returned all monies paid thereunder to Richard. He denies that monetary sanctions should be imposed.

## IV.

## DISCUSSION

■ Section 329[1] of the Bankruptcy Code gives the bankruptcy court the power to require the return of fees paid an attorney representing a debtor which the court determines to exceed the reasonable value of such attorney's services.[2] While some bankruptcy courts have established and promulgated presumptively reasonable levels of attorneys' fees in no-asset consumer Chapter 7 cases under § 329, see, e.g., In re Geraci, 138 F.3d 314 (7th Cir.1998), this court has not. The U.S. Trustee, having raised the issue of the reasonableness of Somers' fee, Somers bears the burden of establishing its reasonableness. In re Geraci, 138 F.3d at 318.

■ In determining whether, under the facts of a particular case, an attorney's fee is reasonable, federal courts usually employ the twelve-factor analysis ("the Johnson factors") enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (attorneys' fee awards in civil rights actions). *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40, 48 (1983) (reasonable attorneys' fees under civil rights statute). In *In re Kero–Sun*, 59 B.R. 630, 632 (Bankr.D.Conn. 1986) (referring to attorneys' fees under § 330), this court held that the standards of reasonableness applied by the courts to attorneys' fees under civil rights statutes were applicable to attorneys' fees under the Bankruptcy Code. *In re Novitzke*, 120 B.R. 483, 485 (Bankr.W.D.Wis.1990) applied the Johnson factors to assess the reasonableness under § 329 of a $3,000 flat fee in a Chapter 7 case (and determined that such flat fee was reasonable). The Johnson factors are:

1. The time and labor required;

1. Section 329 provides:

   (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

   (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

   (1) the estate, if the property transferred—

   (A) would have been property of the estate; or

   (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

   (2) the entity that made such payment.

   11 U.S.C. § 329.

2. 28 U.S.C. § 586 sets forth the duties of a U.S. Trustee and § 586(a)(3)(A) requires such trustee, if appropriate, to object to compensation applications filed under 11 U.S.C. § 330 (for professionals employed in an estate). The statute does not mention § 329. Fed.R.Bankr.P.2017(a) permits "any party in interest" to move for a review of attorney's fees paid by a debtor. The court believes the U.S. Trustee qualifies under the rule as a party in interest. In any event, Somers does not question the U.S. Trustee's standing in this proceeding.

2. The novelty and difficulty of the questions;

3. The skill required to perform the legal service properly;

4. The preclusion of other employment;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount involved and the results obtained;

9. The experience, reputation and ability of the attorneys;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases.

Bankruptcy courts exercise broad discretion in determining the reasonableness of attorneys' fees. *In re Financial News Network, Inc.*, 134 B.R. 732, 734 (Bankr. S.D.N.Y.1991). Applying the relevant Johnson factors to the facts of the present case, the court concludes that Somers' fee was high, but not excessive. Both expert witnesses the U.S. Trustee presented testified that the flat fees generally charged by attorneys for representing consumer debtors in Chapter 7 cases in this district range from $495 plus costs to $2,000. Neither claimed to have sufficient information to opine on Somers' fee. Somers' fee of $1,750 is within the range charged Chapter 7 debtors. Somers spent 6.0 hours and Miller 10.6 hours on the debtors' case, so that on a time basis the fee charged is not particularly out of line. Although the case involved no unencumbered nonexempt assets, the debtors' annual income in 1997 was in excess of $100,000 and there is no claim that the $1,750 fee, agreed upon in advance, was based on Somers overreaching with unsophisticated debtors. Richard had a prior professional relationship with Somers and Somers advised Barbara that other attorneys might handle the case for less money.

The U.S. Trustee argues that Somers' inability to obtain a reaffirmation of the credit card debt was responsible for the pending nondischargeability proceeding against the debtors, and that Somers should be held responsible for the legal fees incurred by the debtors in their defense of that proceeding. At the hearing, the U.S. Trustee presented no evidence that Somers was responsible for the credit card debt not being reaffirmed. In addition, the pending nondischargeability proceeding involves not only the credit card debt, but an additional loan which the credit union claims the debtors fraudulently obtained. The court finds the U.S. Trustee's claim that Somers' negligence is responsible for the nondischargeability proceeding to be unsupported.

The U.S. Trustee's contention that the reaffirmation agreement between Richard and Somers for the divorce fee should be canceled is moot, since, prior to the hearing, Somers voluntarily canceled the agreement and returned all monies received thereunder. In addition to cancellation of the agreement, the U.S. Trustee asks the court to sanction Somers, claiming that his execution of a reaffirmation agreement with Richard created an inherent conflict of interest. The U.S. Trustee cites several holdings [3] upon the question of whether the Bankruptcy Code permits a reaffirmation agreement between a debtor and her attorney for legal fees *charged in connection with the preparation of the bankruptcy petition.*

Some of these rulings, under certain prescribed safeguards, permit such reaffirmation agreements, but that is not the issue presented in this proceeding. Here, Somers and Richard executed a reaffirmation agreement drafted by Somers for an unsecured, prepetition debt unrelated to Somers' legal services in drafting Richard's bankruptcy petition. Somers advanced the pretext to Richard that such an agreement avoided an attorney-client conflict. Somers' pretext was self-

---

3. *Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (9th Cir.1998); *Hessinger & Associates v. Voglio (In re Voglio)*, 191 B.R. 420 (D.Ariz.1996); *In re Perry*, 225 B.R. 497 (Bankr.D.Colo.1998); *Hessinger & Associates v. U.S. Trustee (In re Biggar)*, 185 B.R. 825 (N.D.Cal.1995), *aff'd* 110 F.3d 685 (9th Cir.1997); *In re Nidiver*, 217 B.R. 581 (Bankr.D.Neb.1998); *In re Perez*, 177 B.R. 319 (Bankr.D.Neb.1995); *In re Symes*, 174 B.R. 114 (Bankr.D.Ariz.1994); *In re Pasco*, 220 B.R. 119 (Bankr.D.Colo.1998).

serving. The court can conceive of no circumstances where an attorney would not have a conflict of interest in drafting a reaffirmation agreement for a client to execute in an effort to make nondischargeable a prepetition, nonbankruptcy related, unsecured debt due the attorney. *Cf. In re Hines,* 147 F.3d at 1190 ("In the lawyer-client situation the reaffirmation alternative is complicated by the requirements of Section 524(c)(3), which include the need to provide an affidavit from the debtor's attorney attesting that (1) the agreement to repay a pre-bankruptcy claim represents a fully informed and voluntary agreement by the debtor, (2) such agreement does not impose an undue hardship on the debtor and (3) the attorney has fully advised the debtor of the legal consequences of the agreement. Where the creditor is the debtor's own attorney, the conflict of interest involved is obvious. How can the lawyer advise the debtor fully and effectively where the lawyer himself or herself is on the other side of the bargaining table from the client?").

■ The court, notwithstanding its comments in the preceding paragraph, does not believe the monetary sanctions requested by the U.S. Trustee are appropriate. Somers, dimly sensing a problem, did call upon Ossen, a panel trustee whom the U.S. Trustee herself presented as an expert witness in bankruptcy matters, for advice before proceeding with the debtors' case. He did not wilfully prepare the reaffirmation agreement, aware of its unenforceability. Further, Somers promptly canceled the reaffirmation agreement when the U.S. Trustee first questioned the agreement.

## V.

### CONCLUSION

The court concludes that the compensation the debtors paid Somers does not exceed the reasonable value of Somers' services. In a closer call, the court concludes that Somers' actions, concerning the reaffirmation agreement with Richard, do not rise to the level of warranting monetary sanctions. The motion

of the U.S. Trustee, accordingly, must be, and hereby is, denied. It is

**SO ORDERED.**